UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 16-cv-14050

v.

HON. MARK A. GOLDSMITH

QUICKEN LOANS INC.,

    Defendant.
_____/

## ORDER REGARDING SCHEDULING MATTERS

The Court conducted a scheduling conference under Federal Rule of Civil Procedure 16 on April 19, 2017, and considered an initial Rule 26(f) report (Dkt. 23), as well as an updated report (Dkt. 30). Thereafter, the Court considered motions to compel discovery (Dkts. 32, 33), on which the Court has issued a separate order today, which motions have assisted the Court in determining the most appropriate manner of proceeding in this case. Because of the partial overlap of issues, some of the matters addressed in the Court's order disposing of those motions are also discussed here.

1. Initial disclosures under Federal Rule Civil Procedure 26(a)(1), which have already been filed, may be amended or supplemented by June 30, 2017.

2. Defendant Quicken Loans seeks to take a Rule 30(b)(6) deposition to develop search terms for electronically stored discovery ("ESI") and learn information regarding custodianship of documents. Given the voluminous documents that are potentially useful in this case, it appears prudent to initiate and develop the ESI learning curve as soon as practicable. Accordingly, Quicken shall serve a formal notice of deposition by June 2, 2017, if it has not done so already. The Rule 30(b)(6) deposition shall be completed by June 16, 2017.

3. The Government's methodology for selecting the Loan Sample is a complex matter, which should be explored at the earliest opportunity. Accordingly, the Government shall disclose its methodology and justification therefor by July 7, 2017, by

1

answering Interrogatory 3 of Quicken's first set of interrogatories, or serving an expert disclosure report.

4. Given the great number of loans that are of relevance according to the Government — 350 in its Loan Sample and an additional 137 loans, which together comprise the Loan Selection — and given that the Government has not identified which of those loans are a basis for the Government's claim and in what ways, an orderly process must be established to clarify issues that is fair to both parties.  A useful model can be borrowed from patent litigation, where an alleged infringer is informed early in the litigation of what specific claims and contentions the patent holder intends to assert, so that the alleged infringer understands what it must defend against.  In our case, the Government has had years to canvass information within its province and to take pre-suit discovery.  This should allow it to make a reasonable initial assessment of the transactions it deems actionable.  Accordingly, the Court directs that the Government shall serve and file a memorandum detailing which of the loans in the Loan Selection it contends support its claims in this matter.  It shall also set forth the manner in which the loans do so, including specifically, what guideline or rule is alleged to have been violated.  This filing shall be made by September 1, 2017. The Government may supplement this memo to add loans from the Loan Selection based on new information acquired after the filing of the initial memorandum, provided it does so within 14 days after learning of the new information.

5. The parties' lay witness lists are due by February 1, 2018.

6. The parties' exhibit lists are due by March 1, 2018.

7. Given the complexity of this case, fact discovery must be completed by June 1, 2018.

8. The Government's expert disclosures under Federal Rule of Civil Procedure 26(a)(2) shall be served by July 2, 2018.

9. Quicken's expert disclosures under Federal Rule of Civil Procedure 26(a)(2)  shall be served by August 2, 2018.

10. Expert discovery must be completed by September 4, 2018.

11. Dispositive motions and motions to limit or exclude expert testimony must be filed by October 1, 2018.

12. Final pretrial conference shall be conducted on February 25, 2019 at 9:30 a.m.  A proposed joint final pretrial order and proposed jury instructions shall be submitted to chambers by February 11, 2019.

13. Trial is set for March 11, 2019 at 8:30 a.m.

14. The Court's policy is that adjournment of any event scheduled to occur prior to the due date for fact discovery may be accomplished by submission of a proposed stipulated order, provided that no such adjournment may affect the due date of any event scheduled to occur from and after the due date for fact discovery.  Adjournment of any event scheduled to occur from and after the fact discovery due date must be sought by written motion setting forth good cause and filed promptly after the circumstance giving rise to the claimed need for an adjournment.  The parties must also comply with the Court's order on motion protocol (Dkt. 31).

15. A detailed case management and scheduling order embodying these dates shall be entered separately.  However, the parties are directed to proceed with discovery at this time, even though the case management order is not yet entered.

SO ORDERED.

Dated: May 26, 2017            s/Mark A. Goldsmith  
   Detroit, Michigan            MARK A. GOLDSMITH  
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2017.

                                                             s/Karri Sandusky  
                                                             Case Manager