UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Civil Action No.<br>2:16-cv-14050 (MAG) (RSW)<br><br>District Judge:<br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge:<br>Hon. R. Steven Whalen |

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER REGARDING THE DEPOSITION OF THE FORMER SECRETARY OF <u>THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT</u>**

Pursuant to the Court's September 29, 2017, Order, the United States submits this reply memorandum in support of its motion to quash and for a protective order to prevent the deposition of the former Secretary of the Department of Housing and Urban Development (HUD). The Court should not consider certain portions of the Response (ECF No. 72) filed by Quicken Loans Inc. (Quicken) to the United States' motion (ECF No. 69) that improperly use and misconstrue the United States' efforts at compromise, nor should the Court be persuaded by other inaccurate statements by Quicken. The topics on which Quicken seeks to question the former Secretary remain irrelevant or unnecessarily cumulative and duplicative of the expansive discovery Quicken will obtain or already has obtained. As such, the deposition is unduly burdensome and disproportionate to the needs of the case. Quicken's assertions in its Response do not establish any facts to the contrary.

The Government attempted in good faith to reach a compromise with Quicken that would resolve this discovery dispute without the Court's intervention, as envisioned by this Court's prior rulings, the Federal Rules of Civil Procedure, and this Court's Civility Principles. *See* Court's April 20, 2017 Order Regarding Motions to Compel and Protocol for Motion Practice (ECF No. 31) at 1; Fed. R. Civ. P. 26(c)(1); Court's Civility Principles at 3, ¶ 11. Quicken rejected the compromise.

Quicken's Response now seeks to obtain the benefit of a compromise that it refused, misleadingly treating the United States' good-faith offer as a concession in

- 1 -

the underlying discovery dispute. *See* Response (ECF No. 72) at 5, 8. Notably, Quicken has, on multiple previous occasions, revealed the substance of the parties' compromise discussions, in other filings in this case and to the press. *See, e.g.*, Quicken Answer (ECF No. 28) at 4 (inaccurately describing the parties' pre-suit settlement discussions); Quicken Motion to Compel (ECF No. 33 at 4-5) (attaching at ECF No. 33-7 the United States' discovery compromise proposal). Quicken's practice of revealing and mischaracterizing the parties' compromise discussions will chill future attempts to resolve issues without Court intervention and should not be abided.

The Government did not agree that Secretary Donovan has relevant and non-duplicative or non-cumulative knowledge. Providing possible dates demonstrated good faith, not diminished burden. *See* Sept. 11, 2017 Buffone email (ECF No. 72-2); Sept. 22, 2017 Buffone email (ECF No. 72-3); *see also* Donovan Decl. (ECF No. 69-2) ¶ 13.

Other than attempting to twist compromise discussions to its advantage, Quicken has failed to support its contention that Secretary Donovan will provide relevant, non-cumulative, and non-duplicative testimony. Quicken asserts in its Response that it seeks to depose the Secretary "about programmatic issues and HUD's management of the program[,]" ECF No. 72 at 19, and advances that "Mr. Donovan closely managed FHA program initiatives[,]" *id.* at 22-23. The

statements highlighted by Quicken, however, illustrate only that Secretary Donovan, as would be expected of a cabinet-level secretary, gave public reports, statements, and interviews about his agency's activities, high-level agency priorities and initiatives, and major crises affecting the agency.

Quicken points to nothing showing Secretary Donovan has knowledge relevant to whether Quicken violated the origination and underwriting Federal Housing Administration (FHA) requirements at issue in this case. For example, Quicken makes much of the fact that Secretary Donovan testified to Congress about efforts to invest in and update FHA's technology systems, such as a shift to a fully automated underwriting system (AUS). It points to nothing showing knowledge of the documentation and calculation requirements for the inputs that go into that system or what violations were considered material with respect to loans underwritten using an AUS. And, as other testimony cited by Quicken suggests, it is the FHA staff that have the substantive knowledge of FHA's requirements. *See* Hearing Before the H. Comm. on Financial Services, 111th Cong., Serial No. 111-91 (Dec. 2, 2009) (excerpted) (ECF No. 72-14) at 19, 21 (stating "[t]o start with, on this question of fraud, I will turn it over to [FHA] Commissioner Stevens[,]" and "I will ask [FHA] Commissioner Stevens to provide some more thoughts"). Quicken also highlights Secretary Donovan's personal involvement in a settlement, but that settlement was primarily focused on mortgage servicing. *See* Dina ElBoghdady,

*Shaun Donovan on Confronting Hurricanes, Homelessness and Big Banks*, Wash. Post, June 11, 2014 (ECF No. 72-10) at 2 ("a landmark $25 billion settlement with mortgage servicers").

Secretary Donovan's high-level statements concerning HUD's interest in deterring and redressing fraud do nothing to distinguish Secretary Donovan from any cabinet Secretary whose agency runs any large government program. That high-level involvement is far from the personal role and knowledge that would warrant dragging a former cabinet official into litigation.

Finally, the Court should not be swayed by Quicken's gratuitous mischaracterizations of the parties' discussions regarding production of electronically-stored information (ESI) and privilege logs. *See* Response at 24. The parties agreed to make a first production of ESI by October 1, four days after Quicken filed its Response, a deadline that the United States met. Further, the United States repeatedly stated that, outside of ESI, it was not collecting documents related to its investigation of Quicken and, therefore, did not have specific documents to include in a privilege log. More importantly, the ESI and privilege log issues Quicken raises have no relevance to the current dispute before the Court. Quicken will receive, and the United States is making all reasonable efforts to produce in a timely manner, voluminous discovery—including ESI of 165 custodians and more than eighty loan reviewers as well as forty-five depositions. A deposition of the

Secretary is duplicative, cumulative, unduly burdensome, and disproportionate to the needs of the case.

Respectfully submitted,

| | |
|---|---|
| CHAD A. READLER<br>Acting Assistant Attorney General | By:  */s/ Samuel J. Buffone Jr.*<br>Attorney, Commercial Litigation Branch<br>P.O. Box 261, Ben Franklin Station |
| DANIEL L. LEMISCH<br>Acting United States Attorney | Washington, DC 20044<br>(202) 616-2945 |

*Attorneys for the United States of America representing Secretary Shaun Donovan*

*in his capacity as a former employee of the United States*

## **Local Rule Certification**

I, Samuel J. Buffone, certify that the United States' Memorandum in Support of its Motion to Quash Subpoena and for a Protective Order Regarding the Deposition of the Former Secretary of the Department of Housing and Urban Development complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ Samuel J. Buffone Jr.*
Samuel J. Buffone, Jr.

## Certificate of Service

I hereby certify that on October 4, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jeffrey B. Morganroth
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48009

Thomas M. Hefferon
William Kyle Tayman
Sabrina M. Rose-Smith
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001

*/s/ Samuel J. Buffone*
Samuel J. Buffone
Attorney, Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
(202) 616-2945
Email: Samuel.j.buffone@usdoj.gov