UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                                         Case No. 16-cv-14050

QUICKEN LOANS, INC.,

                                                         HON. MARK A. GOLDSMITH

      Defendant.

_____/

**ORDER REGARDING GOVERNMENT'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF THE FORMER SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (Dkt.. 69)**

In this case, Defendant Quicken Loans ("Quicken") has subpoenaed the former Secretary of the Department of Housing and Urban Development ("HUD"), Shaun Donovan. Quicken asserts that it seeks to depose Mr. Donovan on four topics: (i) his communications with Quicken executives during his time as secretary; (ii) enforcement activities taken against FHA's largest originators, including Quicken; (iii) HUD's response to the economic crisis; and (iv his oversight of the FHA program.

The Government has filed a motion to quash the subpoena (Dkt. 69), arguing that (i) the subpoena would pose an undue burden; (ii) the testimony would be cumulative and duplicative; and (iii) the testimony would be irrelevant. Having reviewed Quicken's response (Dkt. 72) and the Government's reply (Dkt. 74), and having dispensed with oral argument, see E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b), the Court concludes that none of these arguments justifies blocking Mr. Donovan's deposition.

A subpoena must be quashed or modified if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The Government argues that many courts have determined that high-ranking government officials are generally not subject to deposition, absent extraordinary circumstances, given the potential interference with vital public service. See, e.g., In re United States, 985 F.2d 510 (11th Cir. 1993). However, courts generally do not accord such solicitude to former officials, because attending a deposition presents no impediment to ongoing public duties. See Byrd v. District of Columbia, 259 F.R.D. 1, 8 (D.D.C. 2009) ("[G]iven that the concerns associated with deposing high-ranking officials have to do with the potential interruption of current duties, it is the current position, and not any former position, that is evaluated."); Sanstrom v. Rosa, 1996 WL 469589 at *5 (S.D.N.Y. 1996) ("However, because Mr. Cuomo is no longer governor, he cannot claim this privilege."). Because Mr. Donovan is no longer in government service, he has no special standing to object to participating in the civil justice system.

Of course, no individual should be subject to an unduly burdensome court process where it can be shown that the witness has no relevant information to share or where the information is unreasonably cumulative. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(b)(2)(C)(i). But Mr. Donovan has made no such definitive showing here. To the contrary: Quicken has made specific allegations, including that Mr. Donovan, when he was secretary of HUD, had at least one communication with a Quicken top executive about the investigation. While the Court cannot say with certainty that his testimony will turn out to be admissible, the subject matter with which he is alleged to be familiar touches on defenses raised in the case and not yet struck, e.g. that suspension of the Loan-Level Mandate, an alleged breach of the parties' agreement, occurred as a result of the investigation, about which Mr. Donovan had knowledge. See Quicken Resp. to Mot. at 7-8. This would fall within the definition of what is discoverable under Federal Rule of Civil Procedure

26(b)(1), even as recently amended. See Advisory Committee Note to 2015 Amendment ("Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case."). Further, any denial of relevant knowledge by Mr. Donovan may be properly probed during discovery. See Libertarian Party of Ohio v. Husted, 302 F.R.D. 472, 479 (S.D. Ohio 2014) ("[T]he party seeking the discovery is entitled to test the asserted lack of knowledge.").

Nor can it be said with any degree of certainty that his testimony would merely be cumulative. While other evidence gathered (or to be gathered) may be similar to what evidence Mr. Donovan has, the stakes in this case – potentially involving millions of dollars in damages – provide ample justification to test whether his information is nothing more than repetitive. Given these circumstances, Mr. Donovan has not established that his deposition would be "unreasonably cumulative or duplicative . . . " F. R. Civ. P. 26(b)(2)(C)(i) (allowing court to limit discovery that is "unreasonably cumulative or duplicative"); see also Bailey v. Kentucky Community, 2015 WL 4886089 at *2 (W.D. Ky. 2015) (refusing to prohibit deposition because confirming other evidence via a deposition is not unreasonably cumulative). The grave stakes in this case also undergird the conclusion that the discovery sought is proportional to the needs of the case.

Nevertheless, Mr. Donovan should not have to devote excessive time at a deposition where the showing at this point is that he had some familiarity with the subject matter of this lawsuit, rather than any knowledge of particular transactions. The Court has discretion to protect witnesses from harassment by limiting the duration of a deposition. See Fed. R. Civ. P. 26(c)(1)(A) and 30(d)(3)(B). The Court will exercise that discretion here by limiting the duration of Mr. Donovan's deposition to four hours of on-the-record time. Should Quicken thereafter conclude that more time is required, it may ask the Court to extend the duration of the deposition.

For these reasons, the Court denies the Government's motion to quash the subpoena (Dkt. 69), but limits the duration of Mr. Donovan's deposition as specified above.[1]

SO ORDERED.

Dated: November 14, 2017  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2017.

 s/Karri Sandusky
 Case Manager

---

[1] Because the instant motion superseded the Government's earlier motion for a protective order (Dkt. 68), the earlier motion is denied as moot.