# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. |
| | ) | 2:16-cv-14050 (MAG) (RSW) |
| Plaintiff, | ) | |
| | ) | District Judge: |
| v. | ) | Hon. Mark A. Goldsmith |
| | ) | |
| QUICKEN LOANS INC., | ) | Magistrate Judge: |
| | ) | Hon. R. Steven Whalen |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' RESPONSES TO QUICKEN LOANS'
THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS
<u>TO THE UNITED STATES</u>**

Pursuant to Federal Rules of Civil Procedure ("Rules") 26 and 34 as amended by the December 1, 2015, Rules Amendments, the United States of America ("United States" or "Government"), by and through its undersigned counsel, hereby responds to Quicken Loans, Inc.'s ("Quicken Loans'") Third Request for the Production of Documents to Plaintiff dated June 6, 2017 (the "Third Requests" and each individually a "Request"), as follows.[1]

---

[1]     Unless otherwise noted, defined terms used herein are intended to have the same meaning as those used in the United States' Responses dated March 23, 2016 ("First Responses"), to Quicken Loans' First Request for the Production of Documents to the United States dated February 19, 2016 ("First Requests"); and in United States' Responses dated May 26, 2016 ("Second Responses"), to Quicken Loans' Second Request for the Production of Documents to the United States dated April 22, 2016 ("Second Requests").

## GENERAL OBJECTIONS

The United States objects to the Third Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, or seek to impose burdens upon the United States beyond those called for or permitted by the Rules and/or the Local Civil Rules. The United States responds below pursuant to its obligations under the Rules and the Local Civil Rules, namely that the Government has undertaken reasonable efforts to identify information responsive to the Third Requests. The United States responds to the Third Requests based upon information currently known and available to its undersigned litigation counsel and expressly reserves its rights to supplement, amend and/or correct its responses should the need arise. Further, the United States interposes the following general objections to the Third Requests.

A.      The United States objects to the Third Requests to the extent they seek the production of work-product, trial preparation materials, or documents protected by the attorney-client privilege, the deliberative process privilege, the law enforcement investigative privilege, the joint prosecution privilege, the common interest privilege, Rule 26(b)(4) and (5), or any other applicable privilege or protection.

B.      The United States objects to the Third Requests to the extent they seek the disclosures of information concerning the Government's investigation of this

matter -- including, but not limited to, the Government's investigative efforts, its assessments of the facts and allegations in this case, and its deliberative processes concerning actions taken regarding this matter and other information generated after the commencement of this litigation -- on the grounds that such information is privileged, work product protected, not relevant to claims or defenses, and not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to information and resources, the importance of the discovery in resolving the issues and the burden or expense of the proposed discovery as relative to the benefits of the discovery sought.

C.     The United States objects to the Third Requests to the extent they purport to require the logging of information withheld on the basis of privilege in a manner different than, or inconsistent with, the terms of the parties' Stipulated Privilege Log Protocol dated May 9, 2017.  Subject to the United States other objections stated herein, the United States will adhere to the Stipulated Privilege Log Protocol in logging responsive documents withheld on the basis of privilege.

D.     The United States responds to the Third Requests subject to, without intending to waive, and expressly preserving any and all objections as to competency, relevancy, materiality, and admissibility of any of its responses.

E.     The United States objects to the Third Requests to the extent they imply that the United States concedes the relevancy, existence, or materiality of the documents or information sought by Quicken Loans.

F.     The United States objects to the Third Requests to the extent they are based on inaccurate assumptions or misstatements of fact and nothing herein is intended to concede the accuracy of the assumptions or facts underlying the Third Requests.

G.     The United States objects to the Third Requests to the extent they seek the disclosure of confidential, proprietary, or privacy information -- specifically: (i) proprietary financial or commercial information or material, trade secrets, or other competitively sensitive information within the meaning of Rule 26(c)(1)(G) which, if revealed publicly, would cause harm to a party's business interests; (ii) information kept in a United States system of records that is subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; (iii) information otherwise protected by the Privacy Act (5 U.S.C. § 552a, *et seq.*); the Trade Secrets Act (18 U.S.C. § 1905); and other non-disclosure statutes that protect from release personal privacy, trade secret, or personal financial information; and (iv) any other personal privacy information protected from disclosure by law (collectively "Confidential Information").  Subject to its other objections, the United States will produce, or has produced or made available, Confidential Information pursuant to the Stipulated

Protective and FRE 502(b) Order for the Treatment of Confidential and Privileged Information entered May 4, 2016 (R.37) (the "Stipulated Protective Order").

H.     The United States objects to the Third Requests to the extent they seek the disclosure of the following categories of documents: (i) proprietary and confidential commercial information within the meaning of Rule 26(c)(1)(G) in the possession, custody, or control of the United States regarding entities other than Quicken Loans to which Quicken Loans does not currently have access, including information from third-parties to this lawsuit protected from disclosure by the Trade Secrets Act or similar statutes; and (ii) proprietary, confidential, and competitively sensitive information within the meaning of Rule 26(c)(1)(G) in the possession, custody, or control of the United States concerning the methods, procedures, practices, formulas, algorithms, processes, and other techniques employed or utilized by Government authorities to review, approve, deny, track, assess, or otherwise process mortgage lending or insurance-related applications or requests, including, but not limited to, electronic submissions made through a desktop underwriting platform, the TOTAL scorecard, FHA Connection, and other data systems used by HUD in insuring, paying claims on, and seeking remedies concerning FHA single-family mortgage loans (collectively, "Confidential Attorneys Eyes Only Information").  Subject to its other objections, the United States will produce Confidential Attorneys Eyes Only Information only pursuant to a

- 5 -

protective order that addresses the handling of Confidential Attorneys Eyes Only Information (*i.e.*, an "AEO Provision") or an agreement by Quicken Loans that the existing AEO Provision ordered by the Court (R.43) applies to these documents.

I.     As stated herein, the United States' over-breadth and undue-burden objections encompass the concepts (i) that the burdens sought to be imposed by the Third Requests are, on their face, unreasonable and oppressive, (ii) that the burdens sought to be imposed by the Third Requests far outweigh any possible relevance or probative value of the documents sought; and (iii) that the burdens implicated by the Third Requests are disproportionate to the needs of the case.

J.     The United States objects to the Third Requests as unduly burdensome to the extent they seek the production of information already in Quicken Loans' possession, custody or control, or information that is readily accessible from publicly available sources.

K.     The United States objects to the Third Requests as unduly burdensome to the extent they seek cumulative or duplicative information, or information that is equally available to Quicken Loans.

L.     The United States object to the Third Requests to the extent they seek to halt the Government's normal, good-faith operation of any disaster recovery or back-up systems.  Such systems are not reasonably accessible and the United States

currently has no reasonable belief that any such systems contain non-duplicative information responsive to the Third Requests or relevant to this action.

M.    The United States objects to the Third Requests to the extent they seek the production of information stored on resources that are not generally accessible without undue burden and expense.

N.    The United States objects to the Third Requests as overbroad and unduly burdensome to the extent that they are unbounded by a reasonable time period.  To the extent applicable and unless otherwise stated, the United States' responses below are limited to the Lending Time Period, as defined in the Third Requests.  Indeed, as Quicken Loans has stated in responding to discovery, "the overwhelming majority of" documents dated outside the Lending Time Period have "scant if any relevance . . . on [sic] any party's claims or defenses in this case." Quicken Loans Resps. to 3d RFPs at 13.

O.    The United States will produce, or has produced or made available, materials responsive to the Third Requests, as limited by the Government's objections and responses herein, as they are kept in the usual course of business on a rolling basis in a reasonable time and fashion hereafter; and will work with Quicken Loans to identify the schedule for these rolling productions.  The United States will produce, or has produced or made available, documents responsive to these Third Requests in reasonably usable electronic form in accordance with the

production specifications agreed to by the parties in this action.  The United States objects to the Third Requests to the extent they seek to impose any other schedule on, or method or form of, production.

P.      The United States objects to the Definitions to the extent they (i) seek to impose burdens on the United States that are different, inconsistent, or exceed those imposed by the Federal Rules of Civil Procedure and the Local Civil Rules, (ii) are vague or ambiguous, and (iii) render the Third Requests overly broad, unduly burdensome, not proportionate to the needs of the case, and not relevant.  The Government further objects to the Third Requests to the extent they use inexact terms that are not defined by Quicken Loans.

Q.      The United States objects to the definition set forth in Definition No. 1 ("concerning") on the grounds that as defined this term renders the Third Requests vague, ambiguous, confusing, overly broad, and unduly burdensome.  Indeed, the term "concerning" as defined seeks any piece of information that in some way -- no matter how remote, indirect, or tangential -- mentions or references matters set forth in the Third Requests.  The United States responds to the Third Requests by using the term "concerning," and the verbs constituting its definition, as limited by the constraining adverb "directly."

R.      The United States objects to the definitions of "FHA," "HUD," and "HUD-OIG" set forth in Definition Nos. 7 and 8 to the extent they purport to require

the United States to gather and review information in the possession and custody of independent contractors of the United States -- including contractors of FHA, HUD, and HUD-OIG -- on the grounds that the United States presently has no reasonable belief that such contractors have non-duplicative relevant information that is responsive to the Third Requests, rendering any requirement to gather and produce documents in their possession or custody overly broad and unduly burdensome.

S.      The United States objects to the Instructions to the extent they seek to impose burdens on the United States that are different, inconsistent, or exceed those imposed by the Rules and the Local Civil Rules.  Where inconsistent, the United States responds to the Third Requests pursuant to, and in accordance with, its rights and obligations under the Rules, not Quicken Loans' instructions.

T.      The United States objects to Instruction No. 2 (defining the scope of the Third Requests as covering all of the Government) as it seeks to foist undue, unnecessary, and overwhelmingly onerous burdens on the United States, renders the Third Requests overly broad, and seeks to discover information that is irrelevant to the claims and defenses in this action and disproportionate to the needs of this case. Indeed, taken literally Quicken Loan's instruction regarding the scope of its requests would require the United States to ascertain and review the information possessed by each of over 1,300 federal government agencies, over 2 million civilian government employees, and nearly 1.5 million active members of the U.S. Armed

Forces no matter how remote their connection is with the matters at issue in this action. This is plainly unreasonable. The United States' responses to the Third Requests are based on its reasonable investigative and collection efforts concerning HUD, HUD-OIG, and DOJ and, specifically, persons at those agencies that undersigned counsel has a reasonable belief may have documents or information responsive to the Third Requests as described in detail below in the Government's Reasonable Search and Production Efforts. Further, due to the unreasonable burdens implicated by a sweeping and all-encompassing instruction regarding the scope of the Third Requests and the irrelevant nature of documents that may be responsive to this overbroad definition, the United States has not taken efforts to preserve information in the possession or custody of agencies other than HUD, HUD-OIG, and the DOJ personnel responsible for the investigation and litigation of this matter.

U.      Further, the Government specifically objects to the Third Requests to the extent they purport to require the United States to gather and review information in the possession and custody of Government components beyond HUD-OIG, HUD, and the DOJ personnel responsible for the investigation and litigation of this matter on the grounds that the Third Requests are unduly burdensome and  overly broad, and seek information that is irrelevant to the claims and defenses in this action and disproportionate to the needs of this case.

V.     Additionally, the United States specifically objects to the Third Requests to the extent they purport to require the United States to gather and review information in the possession and custody of non-Executive Branch components.

W.     Pursuant to Federal Rule of Evidence 502, Rule 26(b)(5)(B), and other related sources of law, the United States reserves any and all rights to seek the return, sequestration or destruction of any and all privileged documents or information it inadvertently produces in response to the Third Requests.

X.     The United States reserves the right to correct or amend these responses should the need arise.

Y.     A response to a Request does not constitute a waiver of any privilege, protection, or immunity, or an acknowledgment by the United States that the material sought by the Third Requests is relevant to, or within the permissible scope of, this action.

Z.     To the extent the United States agrees to produce any documents in response to any particular Request, such an agreement does not suggest that the United States agrees with any characterizations or implications of that Request.

AA.    The foregoing objections are made, to the extent applicable, in response to each of the Third Requests as if the objections were fully set forth in each such response.  Additionally, the Government refers to, and incorporates by reference, its Reasonable Search and Production Efforts (and the responses and objections set

forth in that below section) as if it were fully set forth in each specific response below.

**THE UNITED STATES' REASONABLE**
**SEARCH AND PRODUCTION EFFORTS**

The Government provides this summary to fully inform Quicken Loans of the substantial efforts the United States intends to undertake to gather information potentially responsive to the Requests, to identify information already in Quicken Loans' possession that is responsive to the Requests, and to describe limitations on the Government's efforts due to its objections, the scope of discovery in this action under the Rules, other sources of law, and practical considerations. These efforts are herein referred to as the Government's "Reasonable Search and Production Efforts," which term includes the Reasonable Search and Production Efforts set forth in the First and Second Responses, as supplemented through agreements by the parties and prior Court orders, and the Additional Reasonable Search and Production Efforts set forth herein.

**I.   The   United   States'   Reasonable   Search   and   Production   Efforts Undertaken In Response to Quicken Loans' First and Second Requests.**

The United States incorporates by reference as if fully set forth herein the diligent and substantial Reasonable Search and Production Efforts detailed in its First and Second Responses and the limitations set forth therein, the efforts detailed in subsequent correspondence between the parties, and the documents produced by

the United States in this action to date.  Subject to the limitations discussed in the United States' specific responses to the Third Requests, the United States will produce, or has produced or made available, information responsive to the Third Requests identified through the Reasonable Search and Production Efforts detailed in its First and Second Responses, including, but not limited to, producing responsive emails and other electronic documents identified in its ESI Searches after the parties finalize reasonable search terms and custodians.

## II.   Additional Efforts to Identify Materials Responsive to the Third Requests.

The United States believes that the Reasonable Search and Production Efforts detailed in its First and Second Responses are more than adequate to provide Quicken Loans all reasonably accessible and relevant information necessary for the litigation of action that is proportionate to the needs of this case.  Nonetheless in response to the Third Requests, the United States set forth below additional data sources that may have responsive information and additional efforts that the United States will undertake to identify additional responsive information (the "Additional Reasonable Search and Production Efforts").

### A.   Documents Already In The Possession Custody and Control of Quicken Loans.

Through existing productions, other disclosure mechanisms, and publicly available materials, Quicken Loans and its counsel already have or are able to get a

majority, if not a super majority, of the documents relevant to this matter and responsive to its Third Requests.  These materials include those set forth in Section of A of the Reasonable Search and Production Efforts identified in the United States' First and Second Responses as well as the following documents (with numbering continued from those identified in Section A of the United States' First and Second Responses).

Because these materials are equally available to Quicken Loans, the United States does not intend to reproduce (and objects to reproducing) these materials in full to Quicken Loans as part of formal discovery in this matter.  That said, when these materials may contain information responsive to any specific Request, the United States has noted as much in its specific responses when describing which portions of its Reasonable Search and Production Efforts are most likely to contain responsive information.

16.   Communications received by Quicken Loans from HUD, including correspondence regarding requests for case binders.

17.   Documents from other actions to which Quicken Loans is a party including documents from *Alig v. Quicken Loans Inc.*, Nos. 5:12-cv-114, 5:12-cv-115 (N.D. W. Va.).

18.   "HUD's Litigation Handbook (1530.1)" containing policies regarding HUD's participation in, and support of, litigation concerning its activities is

available on HUD's website, https://portal.hud.gov/hudportal/HUD?src=/
program_offices/administration/hudclips/handbooks/ogch/15301.

19.    "Publicly Available REO Contractor Materials" are available through
HUD's website, https://portal.hud.gov/hudportal/HUD?src=/program_offices/
housing/sfh/reo/mm/mminfo and https://www.hud.gov/offices/cpo/contract/mnm/
current/contract.pdf, and through Federal Business Opportunities searching
Solicitation Nos. R-OPC-23447, R-ATL-02006, DU204SB-14-R-0002.

20.    "Publicly Available Confidentiality Regulations" concerning HUD are
publicly available from HUD's website, including https://portal.hud.gov/hudportal/
HUD?src=/program_offices/administration/foia/foiareg.

21.    "Publicly Available Loan Summary Reports" containing metrics on
aggregate loan originations in the FHA single-family program (including the number
of loans insured, results of PETR reviews, and indemnification request) are publicly
available from HUD's website (https://portal.hud.gov/hudportal/HUD?src=/
program_offices/housing/sfh/lender/SFH_LEND_Performance/Quarterly_Loan_R
eview_Summary_Report) and Internet Archive versions of the same.

## B.    The United States' Additional Robust and Reasonable Search and Collection Efforts.

Subject to and without waiving any of the objections noted herein, and despite
the materials already available to Quicken Loans as described above and the
Reasonable Search and Production Efforts the United States is already undertaking

as set forth in its First and Second Responses, HUD and the United States are undertaking additional efforts to search for, collect, and review materials potentially responsive to the Requests sent, received, created, or generated during the Reasonable Time Period. The United States will produce, or has produced or made available, these materials on a rolling basis hereafter. These efforts include the following (with numbering continued from those identified in Section B of the United States' First and Second Responses):

28.     *SFAudit Emails* -- the United States will search any available mailboxes associated with the email address sfaudit@hud.gov, the email address used by HUD to communicate case binder requests, for communications and correspondence with Quicken Loans.

29.     *Specific IG Audit Documents* -- the United States will gather and produce available non-privileged documents from the HUD-OIG audit files for the audits identified in Attachment A to the Third Requests and the internal audits or reviews identified in Attachment B to the Third Requests.

30.     *MIP Pricing Documents* -- the United States will gather and produce reasonably identifiable documents concerning the pricing of mortgage insurance premiums for single-family FHA mortgage insurance.

31.     *Available Enforcement Records* -- the United States will gather and produce certain listings maintained by the HUD Office of the General Counsel ("OGC") of enforcement proceedings brought or supported by HUD OGC.

32.     *Loan Review Metrics* -- together with the Publicly Available Loan Summary Reports, the United States will attempt to extract or run reports for available data from the Single Family Data Warehouse containing metrics on aggregate loan originations in the FHA single-family program (including the number of loans insured, results of PETR reviews, and indemnification request) during the Lending Time Period.

### C.     Limitations of the United States' Additional Reasonable Search and Production Efforts Based on Its Objections of Over-Breadth, Undue Burdens, Proportionality, Relevance, and Privilege.

Despite the diligent and wide-spread Reasonable Search and Production Efforts that the United States has and continues to undertake as part of its First and Second Responses and will undertake in response to the Third Requests, the United States objects to the Third Requests to the extent they can be read to seek the production of certain categories of information on the grounds that the Third Requests (i) are overly broad, unduly burdensome, and disproportionate to the needs of the case, (ii) seek information that is neither relevant to this action, and (iii) seek

materials that are protected by applicable privileges.[2]    Specifically, the United

States' Additional Reasonable Search and Protection efforts do not include efforts

to gather and produce the following, among others (including other limitations noted

below in specific responses and those set forth in the First and Second Responses as

amended and supplemented by the parties' agreements and the Court's orders)

(numbering is continued from those identified in Section C of the United States'

First and Second Responses):[3]

15.    *Documents concerning the use of the False Claims Act and common*

*law theories of liability to prosecute persons who commit fraud on the United States,*

*including fraud in connection with the FHA lending.*  The United States objects to

the Third Requests to the extent they seek the production of these materials as these

materials contain the deliberative and predecisional discussions and criteria used by

attorneys at DOJ -- and attorneys at agencies (including HUD) assisting DOJ -- in

---

[2]    To be clear, the objections propounded in this section are part of the "General
Objections" the United States interposes to the Third Requests and should be
construed as being made with respect to each specific Request as if fully set forth
therein.

[3]    The United States noted similar reasonable and necessary limitations to the
Reasonable Search and Production Efforts in its First and Second Responses and
incorporates by reference those limitations herein.  That is, as part of its responses
to the Third Requests, the United States interposes the same objections and intends
to adhere to the same reasonable and necessary limitations set forth in its First and
Second Responses in responding to the Third Requests.

deciding whether to commence enforcement actions under authority delegated to the Attorney General of the United States and are protected by applicable privileges, including but not limited to, the deliberative process privilege and the law enforcement or investigative files privilege. Indeed, the disclosure of these materials would reveal investigative methods and techniques and thwart or impede future enforcement activities by allowing lenders to circumvent the methods used in deciding whether to commence enforcement proceedings.

16.    *Counsel's communications with plaintiffs' counsel in other actions brought against Quicken Loans* -- The United States objects to the Third Requests to the extent they seek the production of these materials as these materials are irrelevant to the facts underlying this case. Moreover, any such request plainly falls outside the "narrow" and "limited discovery on matters beyond the core liability issues in this FCA case" that Quicken Loans represented to the Court it would seek of the United States in this action.

17.    *Documents containing the assessment of potential policies or measures in light of the financial collapse of the mid-2000s* -- The United States objects to the Third Requests to the extent they seek the production of these materials as these materials are irrelevant to the facts at issue in this case. Nothing in these deliberative policy documents changed the terms of the FHA single-family insurance program or the requirements that Quicken Loans underwrite loans consistent with FHA rules.

Additionally, any such request plainly falls  outside the "narrow" and "limited discovery on matters beyond the core liability issues in this FCA case" that Quicken Loans represented to the Court it would seek of the United States in this action.

18.    *Documents concerning HUD's loss mitigation efforts on claim loans* -- As noted in Section C.10 of the United States' First Responses, the United States objects to producing documents concerning loss mitigation efforts and, expressly incorporates those same objections herein.  The United States also objects to the Third Requests to the extent they seek the production of these materials as these materials are irrelevant to the facts at issue in this case. The only potential relevance of this information is to the issue of mitigation of damages, a duty that the United States does not have in this False Claims Act action.  *See, e.g., Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir.1959); *United States v. HCR Manor Care, Inc.*, Civ. A. No. 09-0013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015); *United States ex rel. Garrison v. Crown Roofing Servs., Inc.*, Civ. A. No. 07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011); *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, Civ. A. No. 02-5702, 2009 WL 4576097, at *8 (D.N.J. Dec. 1, 2009); *United States v. Aging Care Home Health, Inc.*, Civ. A. No. 02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006).

**D.    Limitation on the Production of Confidential and Proprietary Information of Third Parties and of Highly Sensitive Information of HUD, the Disclosure of Which Would Give Quicken Loans an Unfair Business Advantage and Stymie Enforcement Mechanisms.**

As Quicken Loans is aware, the United States anticipates that it will identify and collect certain materials that constitute Confidential Attorneys Eyes Only Material, including information protected from disclosure by the Trade Secrets Act, and highly sensitive information maintained by HUD as a governmental regulator. The disclosure of these materials to Quicken Loans' business personnel would give it an unfair business advantage in the marketplace and thwart enforcement and regulatory oversight mechanisms specifically designed to detect, ensure, and monitor compliance with laws applicable to FHA lending.  Due to these concerns, the United States is unable to produce these materials to Quicken Loans absent the entry of a protective order with an appropriate AEO Provision or an agreement by Quicken Loans that the existing AEO Provision ordered by the Court (R.43) applies to these documents.[4]

---

[4]    To the extent the United States' objections in Section C. above as to materials concerning other lenders and HUD as a governmental regulator are overruled, the United States similarly objects to the production of those materials absent an AEO Provision in a protective order or an agreement concerning the AEO protections already ordered by the Court.

**E.**    **Commitment to Undertaking Other Reasonable Search and Production Efforts for Materials That Likely May Be Responsive to the Requests.**

The United States believes that the diligent, reasonable, and far reaching search efforts outlined above and those set forth in its First and Second Responses are more than adequate under the Rules and Local Rules to identify reasonably available information responsive to the Third Requests in light of the United States' objections.  That said, the United States is committed to and stands ready, willing, and able to discuss the scope of its search and production efforts, and will respond in good faith to any further specific requests to conduct additional search and production efforts.  Additionally, should the United States learn of additional data sources that it has a reasonable belief may contain additional information responsive to the Third Requests that were sent, received, generated, or created during the Reasonable Time Period, the United States will diligently pursue those data sources to gather any non-privileged and responsive documents.

<u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

For the avoidance of confusion, where the United States agrees to produce documents in response to the specific requests set forth below, the United States has attempted to identify which data sources in its Reasonable Search and Production Efforts are most likely to contain information responsive to that particular request. That said, unless otherwise stated and subject to and without waiving its objections,

when the United States agrees to produce documents identified through its Reasonable Search and Production Efforts it will produce, or has produced or made available, responsive documents identified through those efforts even if the document is contained in a data source other than those listed in a specific response. The United States' listings of specific data sources in its specific responses below are meant to identify for Quicken Loans where responsive information is most likely to exist rather than serve as a constraint on the United States' Reasonable Search and Production Efforts.

## REQUEST NO. 159:

*All correspondence and communications between HUD and Quicken Loans concerning requests by HUD for case binders concerning FHA loans underwritten and/or originated by Quicken Loans during the Lending Time Period.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that it is unduly burdensome as it seeks documents already in the possession, custody, or control of Quicken Loans.  Based on these objections, the United States does not intend to conduct searches beyond those identified in its Reasonable Search and Production Efforts.

Subject to and without waiving these objections, and based on its review to date, the Government will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts including,

- 23 -

in particular, available SFAudit Emails and documents identified through ESI Searches.

## REQUEST NO. 160:

*With respect to each of the HUD or HUD-OIG audits listed in Attachment A, produce: (a) all draft and final reports; (b) the audit work file, work papers, notes, correspondence (including with the audited lender(s)), and memoranda associated with the audit; and (c) all documents concerning remedial, corrective, or other action contemplated or taken by HUD or HUD-OIG against the audited lender(s).*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, the work product doctrine, and the law enforcement or investigative files privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Subject to and without waiving these objections, and based on its review to date, the Government will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts including, in particular, the Specific IG Audit Documents.

- 24 -

**REQUEST NO. 161:**

*With respect to each of each of HUD-OIG's internal audits or reviews of HUD's FHA program listed in Attachment B, produce: (a) all draft and final reports; (b) the audit work file, work papers, notes, correspondence (including with the entitie(s) that were the subject of the audit), and memoranda associated with the audit; and (c) all documents concerning remedial, corrective, or other action contemplated or taken by HUD or HUD-OIG in response to the audit findings or with respect to the subject of the audit or its findings.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, the work product doctrine, and the law enforcement or investigative files privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Subject to and without waiving these objections, and based on its review to date, the Government will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts including, in particular, the Specific IG Audit Documents.

**REQUEST NO. 162:**

*Documents concerning, showing, or demonstrating the date(s) on which HUD, HUD-OIG, FHA, DOJ and/or the United States became aware or had knowledge that the claims asserted in Counts III and/or IV of the Complaint "first could be sued upon by a plaintiff," as that phrase is used in ECF No. 25, at 46.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, the work product doctrine, and the law enforcement or investigative files privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request on the grounds that the Requests seeks irrelevant information -- *i.e.*, the information sought by this Request is irrelevant to any statute of limitations or substantive issue in this matter.   Based on these objections, the United States does not intend to search for or produce information responsive to this Request, including any responsive information that may exist in the email files of DOJ, HUD OGC, and HUD-OIG.

**REQUEST NO. 163:**

*All Documents concerning, showing, or demonstrating the date(s) on which HUD, HUD-OIG, FHA, DOJ and/or the United States became aware or had knowledge of the factual allegations and alleged conduct underlying Counts III and/or IV of the Complaint.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that

the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, and the law enforcement or investigative files privilege.   In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way concerns the identified topic no matter its connection with this case or the identified topic.  Based on these objections, the United States does not intend to search for or produce information responsive to this Request, including any responsive information that may exist in the email files of DOJ, HUD OGC, and HUD-OIG, until the Request is narrowed or limited by Quicken Loans.

## REQUEST NO. 164:

*All communications with, and Documents obtained from, counsel for plaintiff(s) in any lawsuit filed by a private party against Quicken Loans, including Alig v. Quicken Loans Inc., Nos. 5:12-cv-114, 5:12-cv-115 (N.D. W. Va.).*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the communications sought by the Request are irrelevant to this case.  That is, communications between the

Government and counsel for parties in other lawsuits bears on no facts underlying the claims or defenses in this action.  The United States also objects that documents from other litigation to which Quicken Loans is a party, though relevant to this action, are already within the possession, custody, and control of Quicken Loans and its counsel; and thus, the Request seeks to foist undue and unnecessary burdens on the United States to reproduce documents that Quicken Loans already has. Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every communication with the identified counsel no matter its connection with this case.  Based on these objections, the United States does not intend to search for or produce information responsive to this Request, including any responsive information that may exist in the email files of DOJ.

**REQUEST NO. 165:**

*All drafts, correspondence, memoranda, communications, notes, interpretations, and other Documents concerning Mortgagee Letter 1996-26 that HUD created, received, reviewed, or consulted prior to the issuance of Mortgagee Letter 1996-26 or within ninety (90) days of its issuance.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client

privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way concerns the identified topic no matter its connection with this case or the identified topic.  Moreover, this Request appears to be largely, if not entirely, duplicative of Request No. 54 from Quicken Loans' First Requests, to which the United States has already responded and which the parties have previously discussed at length.

In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege, including, but not limited to, internal drafts, communications, notes, and other correspondence concerning the cited mortgagee letter.  Subject to and without waiving these objections, and based on its review to date, the Government has produced documents responsive to this Request as part of the Guidance Materials and will produce any non-privileged responsive documents identified through the ESI Searches.

**REQUEST NO. 166:**

*All drafts, correspondence, memoranda, communications, notes, interpretations, and other Documents concerning Mortgagee Letter 2009-28 which HUD created, received, reviewed or consulted prior to the issuance of Mortgagee Letter 2009-28 or within ninety (90) days of its issuance.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way concerns the identified topic no matter its connection with this case or the identified topic.  Moreover, this Request appears to be largely, if not entirely, duplicative of Request No. 54 from Quicken Loans' First Requests, to which the United States has already responded and which the parties have previously discussed at length.

In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege, including, but not limited to, internal drafts, communications, notes, and other correspondence concerning the cited mortgagee letter.  Subject to and without waiving these objections, and based on its review to date, the Government has produced documents responsive to this Request as part of the Guidance Materials and will produce any non-privileged responsive documents identified through the ESI Searches.

**REQUEST NO. 167:**

*All Documents assessing, supporting, or concerning the assertion in Mortgagee Letter 2009-28 that the bulleted items on pages 3 and 4 are "reaffirming" previous requirements, including all such requirements that were thereby "reaffirm[ed]."*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.   Indeed, the Request seeks every document that in some way concerns the identified topic no matter its connection with this case or the identified topic.  Moreover, this Request appears to be largely, if not entirely, duplicative of Request No. 54 from Quicken Loans' First Requests, to which the United States has already responded and which the parties have previously discussed at length.

In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege, including, but not limited to, internal drafts, communications, notes, and other correspondence concerning the cited mortgagee letter.  Subject to and without waiving these objections, and based on its review to date, the Government has produced documents responsive to this Request as part of the

Guidance Materials and will produce any non-privileged responsive documents identified through the ESI Searches.

## REQUEST NO. 168:

*All Documents articulating describing, discussing and/or concerning the policy or practice to use (a) indemnification, and/or (b) the False Claims Act and/or common law claims as a remedial approach to enforce FHA underwriting requirements.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, and the law enforcement or investigative files privilege.  The United States also objects to this Request because it seeks irrelevant information.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way concerns the identified topic no matter its connection with this case or the identified topic.

*As to the indemnification portion of the Request*, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.  Subject to and without waiving these objections, and based on its review to date, the Government has produced non-privileged documents responsive to this portion of the Request (namely, the

Guidance Materials and memorandum prepared by Lily Lee) and will produce any non-privileged responsive documents identified through the ESI Searches.

*As to the False Claims Act and common law portion of the Request*, the United States objects that the Request is vague and ambiguous as to its scope.  In responding to this Request, the United States understands the Request to seek general policy documents and not documents concerning any particular matter.  In either event, the Request solely seeks materials that are privileged under one or more of the above noted privileges.  Thus, based on these objections, the United States does not intend to search for or produce information responsive to this portion of the Request, including any responsive information that may exist in the email files of DOJ and HUD OGC.

## REQUEST NO. 169:

*All Documents describing, discussing, showing, or concerning the frequency and/or severity of errors, negligence, misconduct, fraud, or other mistaken or intentional breach of underwriting requirements expected, projected, estimated, or calculated within the FHA program, including Documents concerning whether and how FHA insurance is or was designed, priced and sold in light of such expectations, projections, estimations or calculations.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request because, as worded, it is vague and overly broad.  Indeed, the Request with numerous independent clauses renders its reach nearly impossible to ascertain

from a straightforward reading of the Request.  The United States interprets the Request to seek documents directly concerning (i) the frequency and severity of underwriting defects anticipated by HUD in the FHA single-family mortgage insurance program; (ii) the frequency and severity of underwriting defects observed by HUD in the execution of the FHA single-family mortgage insurance program; and (ii) the manner in which mortgage insurance premium ("MIP") rates are set by HUD for FHA single-family mortgage insurance.

As interpreted above, the United States objects to this Request as they seek irrelevant information.  HUD's projections and calculations of defects globally in the FHA program has no relevance on Quicken Loans' mortgage lending practices. Moreover, the United States expressly states that HUD expects and relies on all FHA lenders to comply with and follow all applicable rules, regulations, and authoritative guidance in endorsing mortgage loans for FHA insurance.  That is, while HUD may be able to project levels of non-compliance based on its past experiences, HUD expects all lenders to obey the law, adhere to the terms of their FHA lending certifications, and follow the terms of the mortgage insurance contract for each FHA loan.  Additionally, this Request appears to be largely, if not entirely, duplicative of Request No. 118 from Quicken Loans' Second Requests, to which the United States has already responded and which the parties have previously discussed at length.

Subject to and without waiving these objections, and based on its review to date, the Government has produced documents responsive to this Request (*e.g.*, Guidance Materials, PETR Materials, QAD Materials), materials responsive to this Request are also publicly available (*e.g.*, through HUD OIG and Office of Housing Reading Room websites), and the Government will produce the MIP Pricing Documents and any non-privileged responsive documents identified through the ESI Searches.

## REQUEST NO. 170:

*All Documents describing, discussing, showing, or concerning the frequency, effect, propriety, and materiality of exceptions made to FHA underwriting guidelines by DE Lenders.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the work product doctrine.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request because, as worded, it is hopelessly vague and overly broad.  Indeed, the Request, taken literally, seeks all documents concerning underwriting defects that have occurred on any loan in the FHA single-family mortgage insurance program.  This is plainly an overly broad,

unduly burdensome, and oppressive request that is highly disproportionate to the needs of this case. Moreover, this Request is duplicative of numerous other requests already propounded by Quicken Loans in action, to which the United States has responded and produced a plethora of materials.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts. That said, until this Request is clarified and substantially narrowed, the United States is not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

## REQUEST NO. 171:

*All Documents describing, discussing, showing, or concerning the frequency, effect, propriety, and materiality of missed "Red Flags," as that term is used in the Complaint, by DE Lenders.*

THE GOVERNMENT'S RESPONSE: The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the work product doctrine. In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request because, as worded, it is hopelessly vague and overly broad.  The United States used the shorthand "red flags" in the Complaint to refer to material underwriting errors going to the credit risk or eligibility of the loan (*e.g.,* the creditworthiness of the borrower, the borrower's ability to repay the loan, the sufficiency of the collateral for the loan, and the eligibility of the borrower or the collateral for the loan) that were known to Quicken Loans on its FHA loans that rendered false its certifications and endorsements and the claims submitted thereon.  As such, the Request taken literally it seeks all documents concerning any material underwriting defect that impacted the credit risk of any loan in the FHA single-family mortgage insurance program. This is plainly an overly broad, unduly burdensome, and oppressive request that is highly disproportionate to the needs of this case.  Moreover, this Request is duplicative of numerous other requests already propounded by Quicken Loans in action, to which the United States has responded and produced a plethora of materials.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts.  That said, until this Request is clarified and substantially narrowed, the United States is

not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

**REQUEST NO. 172:**

*All Documents, between September 1, 2007 and January 1, 2010 describing, discussing, showing, or concerning the frequency, effect, propriety, and materiality of value appeals or appraisal reconsiderations by DE Lenders.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the work product doctrine.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request on the grounds that is overly broad and unduly burdensome.  For example, the Request facially asks HUD to search for and produce all documents concerning any PETR review of any loan by any lender that engaged in the wrongful practice of requesting appraisal reconsiderations.  This is plainly an overly broad, unduly burdensome, and oppressive request that is highly disproportionate to the needs of this case.  Moreover, this Request is duplicative of numerous other requests already propounded by Quicken Loans in action, to which the United States has responded and produced a plethora of materials.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts. That said, until this Request is clarified and substantially narrowed, the United States is not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

## REQUEST NO. 173:

*Documents that summarize, categorize, or otherwise are sufficient to identify all remedial actions taken by HUD or HUD-OIG against a DE Lender for conduct relating to: (a) value appeals or value reconsiderations; (b) management exceptions; (c) miscalculation of income, and/or (d) ignoring "Red Flags".*

THE GOVERNMENT'S RESPONSE: The United States objects to the Request on the grounds stated in its General Objections. Additionally, the United States objects to the Request on the grounds that it is vague and ambiguous in its use of the term "sufficient," and is overly broad and unduly burdensome. Indeed, taken literally, the Request seeks documents concerning each any every loan from each and every lender containing, among others, a material underwriting defect known to the lender or a miscalculation of income. This is an obviously onerous and disproportionate request. In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data

sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the Government has produced responsive data extracts from the URS and AARTS systems and the Indemnification Materials (*see* 2d Responses § B.27; 1st Responses § B.11), directs Quicken Loans to Publicly Available Enforcement Information (*see* 2d Responses § A.9), and will produce the Available Enforcement Records.

**REQUEST NO. 174:**

*All communications within HUD or between HUD and any government or DE Lender personnel concerning value appeals or appraisal reconsiderations under the FHA program.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, the work product doctrine, and the law enforcement or investigative files privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks

every document that in some way concerns the identified topic no matter its connection with this case or the identified topic.

Subject to and without waiving these objections, and based on its review to date, the United States (i) has produced Chronological Files, OIG Materials, FHA Resource Center Materials, HUD-2 Forms, and Indemnification Materials and directs Quicken Loans to Publicly Available Enforcement Information (*see* 2d Responses § A.9), that may contain responsive information, and (ii) will produce responsive, non-privileged documents identified through ESI Searches.

## REQUEST NO. 175:

*Documents sufficient to identify each contractor used by HUD in the marketing, selling, managing, or closing of HUD real-estate owned properties that secured Claim Loans ("Subject Contractors").*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Subject to and without waiving these objections, and based on its review to date, the United States directs Quicken Loans to the Publicly Available REO Contractor Materials.

## REQUEST NO. 176:

*All documents that reflect HUD's contract(s) or contractual relationship with the Subject Contractors.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and on the grounds that the Request is

- 41 -

vague and ambiguous in its use of the phrase "[a]ll documents that reflect."  The United States interprets the Request as seeking the solicitation for, and contract with, the Subject Contractors.  Subject to and without waiving these objections, and based on its review to date, the United States directs Quicken Loans to the Publicly Available REO Contractor Materials.

## REQUEST NO. 177:

*All correspondence and communications between HUD or HUD-OIG and any of the Subject Contractors with respect to the performance of such Subject Contractor in the marketing, selling, managing, or closing of the HUD-owned real estate that secured Claim Loans.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the Request is irrelevant.  The only potential relevance of this information is to the issue of mitigation of damages, a duty that the United States does not have in this False Claims Act action.  *See, e.g., Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir.1959); *United States v. HCR Manor Care, Inc.*, Civ. A. No. 09-0013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015); *United States ex rel. Garrison v. Crown Roofing Servs., Inc.*, Civ. A. No. 07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011); *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, Civ. A. No. 02-5702, 2009 WL

4576097, at *8 (D.N.J. Dec. 1, 2009); *United States v. Aging Care Home Health, Inc.*, Civ. A. No. 02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006).

Moreover, the Request is overly broad and unduly burdensome.  This Request literally seeks every document that in any way comments on the performance of the Subject Contractors.  This is plainly unreasonable and disproportionate to the needs of this case.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts, including ESI Searches and OIG Materials.  That said, based on the foregoing objections, the United States is not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

## REQUEST NO. 178:

*Each HUD guideline, regulation, rule, regulatory requirement, or contractual requirement in effect at any time from January 1, 2007 to the present, that applied or applies to contractors (including the Subject Contractors) used by HUD in the marketing, selling, managing, or closing of HUD real-estate owned properties that secured Claim Loans.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the Request is irrelevant.  The only potential

relevance of this information is to the issue of mitigation of damages, a duty that the United States does not have in this False Claims Act action. *See, e.g., Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir.1959); *United States v. HCR Manor Care, Inc.*, Civ. A. No. 09-0013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015); *United States ex rel. Garrison v. Crown Roofing Servs., Inc.*, Civ. A. No. 07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011); *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, Civ. A. No. 02-5702, 2009 WL 4576097, at *8 (D.N.J. Dec. 1, 2009); *United States v. Aging Care Home Health, Inc.*, Civ. A. No. 02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006).

Moreover, the Request is overly broad and unduly burdensome. This Request literally seeks every document that in any way notes a requirement of Subject Contractors notwithstanding its relevance of connection with this case. This is plainly unreasonable and disproportionate to the needs of this case.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts, including ESI Searches and Publicly Available REO Contractor Materials. That said, based on the foregoing objections, the United States is not undertaking specific

searches for documents responsive to this Request beyond those set forth in its

Reasonable Search and Production Efforts.

## **REQUEST NO. 179:**

*All Documents that refer, reflect, or concern the performance by any of the Subject Contractors, including: (i) HUD or HUD-OIG audits; (ii) adverse administrative action; (iii) chargebacks, denials of reimbursements, or any financial penalties based on performance issues; and/or (iv) complaints received from any member of the public. Such documents include, but are not limited to, all indemnification agreements, settlements, resolutions of findings, or other documents that evidence, constitute, or concern circumstances where HUD or HUD-OIG resolved or purported to resolve legal liability, responsibility, fault or obligation to pay, reimburse, or otherwise take full or partial responsibility for an actual or potential loss, cost or expense in connection with marketing, selling, managing, or closing of HUD real-estate owned properties that secured Claim Loans.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on

the grounds stated in its General Objections.  Additionally, the United States objects

to the Request on the grounds that the Request is irrelevant.  The only potential

relevance of this information is to the issue of mitigation of damages, a duty that the

United States does not have in this False Claims Act action.  *See, e.g., Toepleman v.*

*United States*, 263 F.2d 697, 700 (4th Cir.1959); *United States v. HCR Manor Care,*

*Inc.*, Civ. A. No. 09-0013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United*

*States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015); *United*

*States ex rel. Garrison v. Crown Roofing Servs., Inc.*, Civ. A. No. 07-1018, 2011

WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011); *United States ex rel. Monahan v.*

*Robert Wood Johnson Univ. Hosp. at Hamilton*, Civ. A. No. 02-5702, 2009 WL

4576097, at *8 (D.N.J. Dec. 1, 2009); *United States v. Aging Care Home Health, Inc.*, Civ. A. No. 02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006).

Moreover, the Request is overly broad, unduly burdensome, and oppressive. This Request literally seeks every document that in any way comments on the performance of the Subject Contractors.   This is plainly unreasonable and disproportionate to the needs of this case.  Moreover, this Request -- in particular the portion seeking "complaints received from any member of the public" -- is particularly inappropriate given that Quicken Loans refuses to produce such complaints on relevant topics with a direct connection to this case, namely complaints regarding Quicken Loans' origination and underwriting activities.  *See* Quicken Loans' Resps. to 3d RFPs at 8-12.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts, including ESI Searches and OIG Materials.  That said, based on the foregoing objections, the United States is not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

**REQUEST NO. 180:**

*All documents and data in the possession, custody, or control of HUD concerning the marketing, selling, managing, or closing of HUD real-estate owned properties that secured Claim Loans.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the Request is irrelevant.  The only potential relevance of this information is to the issue of mitigation of damages, a duty that the United States does not have in this False Claims Act action.  *See, e.g., Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir.1959); *United States v. HCR Manor Care, Inc.*, Civ. A. No. 09-0013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015); *United States ex rel. Garrison v. Crown Roofing Servs., Inc.*, Civ. A. No. 07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011); *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, Civ. A. No. 02-5702, 2009 WL 4576097, at *8 (D.N.J. Dec. 1, 2009); *United States v. Aging Care Home Health, Inc.*, Civ. A. No. 02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006).

Moreover, the Request is overly broad and unduly burdensome.  This Request literally seeks every document that in any way concerns the marketing, selling, managing, or closing of properties securing defaulted mortgages underwritten by

- 47 -

Quicken Loans.  This is plainly unreasonable and disproportionate to the needs of this case.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts, including ESI Searches and the CLAIMS Extract.  That said, based on the foregoing objections, the United States is not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

## REQUEST NO. 181:

*All documents that reflect, evidence, or concern costs or losses incurred on a HUD real-estate owned property that secured a Claim Loan resulting from or caused in any way by any Subject Contractor's failure to comply with any HUD guideline, regulation, rule, or requirement, or with reasonable practices in discharging its obligations, or with any duty to assist HUD in mitigating its losses and maximize its recovery with respect to such property.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that the Request is irrelevant.  The only potential relevance of this information is to the issue of mitigation of damages, a duty that the United States does not have in this False Claims Act action.  *See, e.g., Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir.1959); *United States v. HCR Manor Care,*

*Inc.*, Civ. A. No. 09-0013, 2015 WL 11117429, at *1 (E.D. Va. Dec. 9, 2015); *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 514 (S.D. Tex. 2015); *United States ex rel. Garrison v. Crown Roofing Servs., Inc.*, Civ. A. No. 07-1018, 2011 WL 4914971, at *2 (S.D. Tex. Oct. 14, 2011); *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*, Civ. A. No. 02-5702, 2009 WL 4576097, at *8 (D.N.J. Dec. 1, 2009); *United States v. Aging Care Home Health, Inc.*, Civ. A. No. 02-2199, 2006 WL 2915674, at *1 (W.D. La. Oct. 6, 2006).

Moreover, the Request is overly broad and unduly burdensome.  This Request literally seeks every document that in any way concerns maximizing the value of properties securing defaulted mortgages underwritten by Quicken Loans.  This is plainly unreasonable and disproportionate to the needs of this case.

Subject to and without waiving these objections, and based on its review to date, the Government has and will produce non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts, including OIG Materials.  That said, based on the foregoing objections, the United States is not undertaking specific searches for documents responsive to this Request beyond those set forth in its Reasonable Search and Production Efforts.

## REQUEST NO. 182:

*Documents sufficient to identify any and all differing interpretations by and among HUD's Homeownership Centers and HUD's headquarters as to the FHA guidelines concerning the underwriting practices alleged in the Complaint.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  The United States also objects to this Request to the extent it calls for information protected by the attorney-client privilege or the deliberative process privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome. Indeed, the Request seeks information on all differing interpretations of HUD underwriting guidelines no matter the significance or relevance of the guideline or interpretation. In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced or will produce documents from the Escalation Review Committee and will produce responsive, non-privileged information identified through ESI Searches.

**REQUEST NO. 183:**

*All documents that support the statement made in ECF No. 35-2 at ¶ 43 that DE Lenders provide HUD with proprietary information "with the expectation that it will not be disclosed to competitors."*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Similar to Quicken Loans' requests during the investigation underlying this suit, numerous lenders and other private submitters of information request confidential treatment of information, including by invoking FOIA Exemption 4.  Attempting to identify all documents where a private submitter of information make such a request or invoked FOIA Exemption 4 is disproportionate to the needs of the case; and thus, the United States is not undertaking specific searches for those documents.

Subject to and without waiving these objections, and based on its review to date, the United States directs Quicken Loans to the Publicly Available Confidentiality Regulations and to nearly every document Quicken Loans has produced in this case, which it has marked as "Confidential" under the terms of the Stipulated Protective Order indicating its supposed good faith belief that even mundane and routine information of a lender constitutes business proprietary information.

**REQUEST NO. 184:**

*All Documents that concern, discuss, reflect or comment upon the consideration, decision, and implementation of policies, practices, initiatives and efforts to expand program lending, loosen underwriting standards or guidelines, grant or allow underwriting exceptions, alter credit requirements towards expansion of credit availability, and otherwise encourage the use of FHA lending in any fashion at any*

*time during the period 2005-2009, considered or undertaken in response, in whole or in part, to the credit crisis, the recession, limits on the availability of mortgage credit, and restrictions in the credit markets.   Include in the production all Documents reflecting communications about these subjects with any member of the Executive Branch or with Fannie Mae, Freddie Mac, or the Office of Federal Housing Enterprise Oversight (OFHEO) and/or or the Federal Housing Finance Agency (FHFA).*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

The United States also objects on the grounds that the Request is irrelevant. The Government's policy objectives or considerations are irrelevant here.  Quicken Loans is not accused in this action of merely violating policies, but instead Quicken Loans knowingly violated clearly stated rules and regulations regarding the underwriting of FHA insured mortgage loans.  Overall Government policy initiatives and discussions are simply irrelevant to Quicken Loans' compliance with the unambiguous requirements of the program and its knowingly false certifications that it had complied FHA requirements.  Additionally, the Request is overly broad and unduly burdensome.  Indeed, by its own words, the Requests seeks communications

by and between all Executive Branch personnel no matter their connection with this matter. Moreover, by using strings of independent clauses and nouns, the Request literally seeks every document that in any way was tangentially related to any policy consideration involving the FHA program and the credit crisis of the mid-2000s. This is plainly an oppressive, abusive, and disproportionate request. Based on these objections, the United States does not intend to search for or produce information responsive to this Request.

## REQUEST NO. 185:

*All Documents that concern, discuss, reflect, or comment upon the consideration, decision, and implementation of policies, practices, initiatives and efforts to use the False Claims Act for the purpose, in whole or in part, of generating recoveries in order to assist the FHA insurance fund in avoiding insolvency, statutory shortfalls, and/or actuarial deficiencies. Include in the production all Documents reflecting communications about these subjects with any member of the Executive Branch.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and on the grounds that the Request is irrelevant. The considerations and standards used for investigating and commencing False Claims Act cases fall squarely within the prosecutorial discretion of the Attorney General and his designees. These items have no bearing on whether Quicken Loans knowingly violated FHA underwriting requirements or the damages suffered to HUD by reason of those violations.

Additionally, the Request solely seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, the work product doctrine, and the law enforcement or investigative files privilege. That is, the Request by its very words seeks to ascertain the pre-decisional considerations used by DOJ and its agency partners to target areas of fraud on the Government and prosecutorial decisions related thereto. Based on these objections, the United States does not intend to search for or produce information responsive to this Request.

**REQUEST NO. 186:**

*All Documents that concern, discuss, reflect, or comment upon whether, how, and to what extent the passage of time after loan closing has a bearing on whether a default is, or may be, caused by underwriting deficiencies or other factors.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege. In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege. Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome. Indeed, the Request seeks every document that in some way relates to the identified topic no matter its

connection with this case or the identified topic.  In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced documents in its Reasonable Search and Production Efforts to date, and will produce responsive, non-privileged information identified through ESI Searches.

## REQUEST NO. 187:

*All Documents that concern, discuss, reflect, analyze, or comment upon common reasons for borrower default and resulting losses to HUD.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks

every document that in some way relates to the identified topic no matter its connection with this case or the identified topic. In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced and/or directs Quicken Loans to the OIG Materials, Previously Available Neighborhood Watch Information, SFDW Extract, PETR Materials, and QAD Materials, and will produce Loan Review Metrics and responsive, non-privileged information identified through ESI Searches.

## REQUEST NO. 188:

*All Documents that concern, discuss, reflect, analyze, or comment upon causes of losses to HUD in the FHA program, including but not limited to underwriting performed by DE Lenders.*

THE GOVERNMENT'S RESPONSE: The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege. In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an

applicable privilege.  Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way relates to the identified topic no matter its connection with this case or the identified topic.  In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced and/or directs Quicken Loans to the OIG Materials, Previously Available Neighborhood Watch Information, SFDW Extract, PETR Materials, and QAD Materials, and will produce Loan Review Metrics and responsive, non-privileged information identified through ESI Searches.

**REQUEST NO. 189:**

*All Documents that concern, discuss, reflect, or comment upon whether to continue to permit Quicken Loans to make FHA loans notwithstanding the filing of this Action, the commencement of the pre-suit investigation, or any findings concerning the lending practices of Quicken Loans.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that it seeks irrelevant information.  The underwriting

decisions at issue in this case occurred between 2007 and 2011.  Consequently, HUD's actions regarding whether to permit Quicken Loans to continue to participate in the FHA program based on its current origination and underwriting practices are irrelevant to this suit.  Moreover, the Request solely seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, the work product doctrine, and the law enforcement or investigative files privilege.  Based on these objections, the United States does not intend to search for or produce information responsive to this Request.

**REQUEST NO. 190:**

*All Documents that concern, discuss, reflect, or comment upon the policy, practice, or agreement to review insurability of FHA loans by actually reviewing the loan documents and underwriting performed on the loan.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege and the attorney-client privilege.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.   Additionally, the United States objects to the Request on the grounds that it is vague and ambiguous in its use of the phrase "by actually reviewing

the loan documents and underwriting performed on the loan."  The United States interprets this Request as seeking information directly concerning how a person, presented with an underwriting file, should review that file to determine the loan's insurability under the FHA program.  Subject to and without waiving these objections, and based on its review to date, the United States has produced the Guidance Documents and will produce responsive, non-privilege documents identified through ESI Searches.

**REQUEST NO. 191:**

*All Documents that concern, discuss, reflect, or comment upon the policy, practice, or agreement to review insurability of loans under 24 CFR § 203.255(e) and to seek indemnification under 24 CFR § 203.255(g), including Documents that discuss, mention, or evidence how each such regulation is interpreted and applied by HUD.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and on the grounds that the Request is impossibly overbroad, unduly burdensome, and disproportionate to the needs of this case.  Indeed, the Request as written seeks practically every communication made by or on behalf of HUD regarding its single family FHA insurance program and the application of program rules to each and every specific loan reviewed by HUD in any context.  In light of this objection, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its

- 59 -

Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on this objection given nature and scope of the Request.

The United States also specifically objects to the Request on the grounds that the information sought by this Request is wholly irrelevant to the matters at issue in this case. This case concerns the mortgage lending practices of Quicken Loans, not the practices of other lenders. Accordingly, the United States does not intend to collect or produce information concerning other lenders sought by this Request, including the categories expressly noted in Section C of its First and Second Responses.

The United States also objects that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, and the work product doctrine, and the law enforcement or investigative files privilege; the United States will not produce privilege information in response to this Request.

Subject to and without waiving these objections, and based on its review to date, the Government has produced and/or directed Quicken Loans to non-privileged documents responsive to this Request identified through its Reasonable Search and Production Efforts (including Guidance Materials, PETR Materials, QAD Materials, Indemnification Materials, Chronological Files, OIG Materials, FHA Resource Center Materials, HUD-2 Forms, Training Materials, and Publicly Available

Enforcement Information); and the United States will produce additional responsive, non-privileged documents identified through ESI Searches.

## REQUEST NO. 192:

*For each lender in the program between January 1, 2007 and the present, Documents sufficient to show (i) the number of initial PETR findings, and (ii) the number of PETR findings resulting in indemnification or other form of remediation after the lender responded to the initial PETR finding.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections.  Additionally, the United States objects to the Request on the grounds that it is vague and ambiguous in its use of the phrase "for each lender in the program."  The United States responds interpreting this Request as seeking aggregate metrics for all lenders in the program instead of metrics per specific lender.  Subject to and without waiving these objections, and based on its review to date, the United States will produce Loan Review Metrics.

## REQUEST NO. 193:

*All reports showing, between January 1, 2007 and the present, (i) the number of initial PETR findings, and (ii) the number of PETR findings resulting in indemnification or other form of remediation, or that were otherwise mitigated or resolved after the lender responded to the initial PETR finding.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and on the grounds that by seeking "all reports" showing the requested metrics, instead of documents sufficient to show the requested metrics, the Request is overly broad and unduly burdensome as it seeks

cumulative and duplicative information.  Subject to and without waiving these objections, and based on its review to date, the United States will produce Loan Review Metrics.

**REQUEST NO. 194:**

*All Documents that concern, discuss, reflect, or comment upon the duties, obligations, and responsibilities of the parties to a Mortgage Insurance Certificate.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, and the work product doctrine.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

The United States also objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way relates to the identified topic no matter its connection with this case or the identified topic.  In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what

data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced and/or directs Quicken Loans to the Guidance Materials and will produce responsive, non-privileged information identified through ESI Searches.

**REQUEST NO. 195:**

*All Documents that evidence, reflect, show, or concern any recovery, moneys, proceeds, credits, or other sums obtained, received, paid, or that HUD has a right to receive on any Claim Loan, whether from the proceeds of sale, reimbursement, or indemnity from any person (including a person that submitted an insurance claim or any Subject Contractor).*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the deliberative process privilege, the attorney-client privilege, and the work product doctrine.   In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way relates to the identified topic no matter its connection with this case

or the identified topic.  In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced and/or directs Quicken Loans to the SFDW and CLAIMS Extract and will produce responsive, non-privileged information identified through ESI Searches.

**REQUEST NO. 196:**

*All Documents that support, reflect, evidence, or concern any facts, opinions, conclusions, law, or other information that Plaintiff may or will rely upon to defend, respond to, or refute any assertions made in one or more of the affirmative defenses in Quicken Loans' Answer.*

THE GOVERNMENT'S RESPONSE:  The United States objects to the Request on the grounds stated in its General Objections and, specifically, on the grounds that the Request seeks the production of materials protected by applicable privileges, including but not limited to, the work product doctrine.  In light of these objections, the Government intends to withhold materials identified in its Reasonable Search and Production Efforts that are protected by an applicable privilege.

Additionally, the United States objects to the Request on the grounds that it is overly broad and unduly burdensome.  Indeed, the Request seeks every document that in some way relates to the identified topic no matter its connection with this case or the identified topic.  In light of these objections, the United States does not intend to gather or produce materials responsive to this Request beyond the efforts identified in its Reasonable Search and Production Efforts and cannot begin to categorize what data sources it excludes based on these objections given the nature and scope of the Request.

Subject to and without waiving these objections, and based on its review to date, the United States has produced and will continue to produce through its Reasonable Search and Production Efforts documents responsive to this Request.

*    *    *

Dated:  July 6, 2017
        Washington, DC

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

DANIEL L. LEMISCH
Acting United States Attorney


By:     */s/ Brian P. Hudak*
        BRIAN P. HUDAK
        Special Assistant United States Attorney
        555 Fourth Street, NW
        Washington, DC 20530
        (202) 252-2549

PETER A. CAPLAN
Assistant United States Attorney
DANIEL HUGO FRUCHTER
Special Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9784
peter.caplan@usdoj.gov

MICHAEL D. GRANSTON
SARA MCLEAN
SAMUEL J. BUFFONE
CHRISTOPHER R. B. REIMER
JOHN W. BLACK
Attorneys, Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
(202) 616-2945

*Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of July, 2017, I caused a true and correct copy of the foregoing to be served on counsel of record for all parties by electronic mail.

*/s/ Brian P. Hudak*

BRIAN P. HUDAK
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2549
brian.hudak@usdoj.gov