UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 16-cv-14050

v.

HON. MARK A. GOLDSMITH

QUICKEN LOANS, INC.,

        Defendant.

_____/

**OPINION & ORDER**
**DENYING (1) DEFENDANT'S MOTION TO STRIKE, IN PART, PLAINTIFF'S LOAN**
**SELECTION FINDINGS (Dkt. 75) AND (2) DEFENDANT'S MOTION TO**
**SUPPLEMENT ITS MOTION TO STRIKE (Dkt. 80)**

This matter is before the Court on Defendant Quicken Loans, Inc.'s ("Quicken") motion to strike, in part, the Government's loan selection findings (Dkt. 75) and Quicken's motion to supplement that motion (Dkt. 80). The issues have been fully briefed and a hearing was held on January 18, 2018. For the reasons that follow, Quicken's motions are denied.

**I. BACKGROUND**

The Government has brought this action against Quicken, asserting that Quicken has violated the False Claims Act, 31 U.S.C. § 3729 et seq. The Government has also brought federal common-law claims for breach of fiduciary duty and negligence. On March 9, 2017, the Court granted in part and denied in part Quicken's motion to dismiss, dismissing portions of the suit that related to any claims submitted before April 23, 2009 and data manipulation. See United States v. Quicken Loans, 239 F. Supp. 3d 1014 (E.D. Mich. 2017).

Due to the sprawling nature of the action, the Court instituted a special process to clarify what exactly would be at issue as the case progressed. Borrowing a model from patent litigation,

the Court required the Government to prepare a "memorandum detailing which of the loans in the Loan Selection it contends support its claims in this matter."  See 5/26/2017 Order at 2 (Dkt. 44). The Court also required that this memorandum set forth the manner in which the selected loans supported the Government's claims.  Id.  Thereafter, the Government submitted a memorandum with attachments totaling 447 pages, detailing which loans purportedly support its claims.  See Loan Selection Findings (Dkts. 67-2 and 67-3).

Quicken has now filed a motion to strike (Dkt. 75), requesting that the Court strike the loans and findings in the Loan Selection Findings that go beyond those specific practices alleged in the complaint.  Quicken has also filed a motion to supplement that motion to strike (Dkt. 80), seeking the same relief for another loan.

## II. ANALYSIS

Quicken objects to the Government's findings that allegedly fall outside of four practices set out in the complaint, which the Court previously found sufficiently pled.  These four practices are: (i) appraisal value appeals; (ii) management exceptions to underwriting requirements; (iii) borrower income miscalculations; and (iv) ignoring "red flags" of borrower inability to repay.  See Quicken Loans, 239 F. Supp. 3d at 1025-1036.

In its motion to strike, Quicken contends that this case must be limited to the practices "for which actionable representative example false claims are pled in the complaint."  See Mot. to Strike at 3 (Dkt. 75).  The Government responds that, after successfully pleading a complex scheme with particularity, it may proceed to discovery on the entire fraudulent scheme, see Resp. to Mot. at 4 (Dkt. 76), and requests leave, in the alternative, to file an amended complaint to set forth additional specific allegations from the Loan Findings, see id. at 19-20.

Pleading requirements for claims of fraudulent schemes brought under the False Claims Act were discussed in United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493 (6th Cir. 2007). The question in that case was "how broadly or narrowly a court should construe the concept of a fraudulent scheme." Id. at 510. The court rejected the argument that the pleaded scheme should be construed at a high level of generality, because that would provide defendants no notice of the "specific conduct with which they were charged." Id. For that reason, broadly defining the scheme as "submitting false claims to Medicare or Medicaid" was not acceptable. Id. But the court also saw fault with construing the scheme too narrowly, as "the policies promoted by [Federal Rule of Civil Procedure 9(b)] allowing a relator to plead examples, rather than every false claim, would be undermined." Id.

Ultimately, the court in Bledsoe concluded that the pleaded examples of fraud "will support more generalized allegations of fraud only to the extent that the relator's examples are representative samples of the broader class of claims." Id. (emphasis in original). The panel further clarified that the examples should be similar in "general time frame, substantive content, and relation to the allegedly fraudulent scheme" and should "be such that a materially similar set of claims could have been produced with a reasonable probability by a random draw from the total pool of all claims." Id. at 511. This allows the defendant to "be able to infer with reasonable accuracy the precise claims at issue by examining the relator's representative samples." Id.

Here, the Government misunderstands the import of Bledsoe. It is not, as the Government seems to contend, that a plaintiff is given carte blanche to pursue any fraud claim it wishes once it passes the motion-to-dismiss stage and moves into discovery. Such a reading of Bledsoe would render Rule 9(b) a dead letter: the notice a defendant would have received at the complaint stage would no longer be effective, because the guidance provided by the illustrative examples would

cease to be operative. Even though the panel held that a plaintiff may proceed on the "entire fraudulent scheme" if it provides examples in the pleading, it stressed that these examples must be "representative samples." Id. at 510. The Government appears to try to move forward on Bledsoe's first holding, without paying any mind to the second. To ignore the "representative samples" boundaries would render irrelevant the "paragraph-by-paragraph" review of the complaint that Bledsoe mandates and which this Court followed. See Quicken Loans, 239 F. Supp. 3d at 1025. Thus, the Government's approach is at odds both with Bledsoe and this Court's prior ruling.

Having successfully pled four specific flavors of fraud, the Government must now be restricted to those categories, with the examples provided in the complaint acting as representative samples of the allegedly fraudulent scheme. Allegedly fraudulent behavior not comprehended within the four practices described in the complaint and sustained as sufficiently pled will not be at issue in this case.[1]

That being said, the Court will deny Quicken's motions. As a matter of procedure, Quicken has cited no authority – and the Court is aware of none – that would allow the Court to strike a discovery response in these circumstances. As the Court has made clear in this opinion, the case

---

[1] As for the Government's request to file an amended complaint, it is free to file such a motion, but it faces a stiff headwind. It is true that leave to amend a complaint should be "freely give[n]," Fed. R. Civ. P. 15(a)(2), but not when there is good cause to deny it, such as "undue prejudice to the opposing party by virtue of allowance of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Here, a strong case for prejudice to Quicken could be made out, given that discovery would have to be widely expanded and the time to complete it would have to be greatly extended. See Phelps v. McClellan, 30 F.3d 658, 662-663 (6th Cir. 1994) (noting that in determining prejudice, court should consider whether the new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction"). This Court's docket would also be impacted, as the trial of this matter would have to be adjourned for an extended period.

is limited to the four pleaded practices; if Quicken believes that some of the Government's claims go beyond those four practices, it will have an opportunity to raise that argument at later stages of this action. Typically, the kind of objection Quicken is raising would be registered by way of a dispositive motion, or a motion in limine, or in crafting the joint final pretrial order. Given the far-ranging issues in this case, the Court will consider later, with input from the parties, what measures might be adopted to dispose of the kind of issue Quicken tries to raise here.

### III. CONCLUSION

For these reasons, the Court denies Quicken's motion to strike (Dkt. 75) and Quicken's motion to supplement its motion to strike (Dkt. 80).

SO ORDERED.

Dated: April 19, 2018             s/Mark A. Goldsmith
    Detroit, Michigan             MARK A. GOLDSMITH
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 19, 2018.

                                       s/Karri Sandusky
                                       Case Manager