# Exhibit 4

Vicki Bott 1
2/13/2018

```
 1              UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF MICHIGAN
 2                    SOUTHERN DIVISION

 3   UNITED STATES OF AMERICA,  ) CIVIL ACTION NO.
                                ) 2:16-CV-14050-MAG-RSW
 4                              )
            PLAINTIFF,           )
 5                              ) VIDEOTAPED DEPOSITION
        VS.                     ) OF VICKI ANN BOTT
 6                              )
     QUICKEN LOANS, INC.,        )
 7                              )
                                )
 8          DEFENDANT.           )
                                )
 9   - - - - - - - - - - - - - -

10          VIDEOTAPED DEPOSITION OF VICKI ANN BOTT,

11   taken before Michele M. Chase, a Certified Shorthand

12   Reporter in and for the State of Iowa, beginning at

13   8:26 a.m., on February 13, 2018, at the U.S.

14   Courthouse Annex, 110 East Court Avenue, Suite 286,

15   Des Moines, Iowa.

16

17

18

19

20

21

22

23

24

25
```

Thomas & Thomas Court Reporters                1321 Jones Street, Omaha, NE 68102
and Certified Legal Video, LLC                 Tel: (402) 556-5000 | Fax: (402) 556-2037

 1   hearing internally at FHA or on the street --

 2              MR. REIMER:  Objection --

 3   BY MR. MORGANROTH:

 4       Q.   -- in terms of, you know, TOTAL Scorecard

 5   and their obligations of usage --

 6              MR. REIMER:  -- objection to form.

 7   BY MR. MORGANROTH:

 8       Q.   -- right?

 9       A.   During the time I was at FHA, there were

10   people who wanted clarifications.  I do not believe

11   there were significant indemnifications happening at

12   the time to raise the issue.  But the IG

13   definitely -- I mean, this is very specific to the

14   inspector general at the time, and they sometimes, I

15   agree, had different rules.

16                   (Exhibit No. 25

17                   marked for identification.)

18   BY MR. MORGANROTH:

19       Q.   Ms. Bott, you've been handed what's been

20   marked as Exhibit 25.

21              MR. MORGANROTH:  For the record, it's

22   an email chain.  The top email is from Vicki Bott to

23   Karin Hill.  It's been Bates stamped USQKN2463919

24   through 2463920.  It's been marked confidential

25   pursuant to the protective order.

Vicki Bott
2/13/2018
179

```
 1   BY MR. MORGANROTH:
 2       Q.   I'd like to focus in on the second email,
 3   which is from you to Robert Ryan and Dave Stevens --
 4   David Stevens, July 30 of 2010.
 5            Do you see that?
 6       A.   Yep.
 7            MR. REIMER:  Jeff, can I get a second
 8   just to read this real quick?
 9            I'm going to designate this document as
10   covered by deliberative process and claw it back at
11   this point.  It goes to the inner workings of TOTAL
12   Mortgage Scorecard, and we have designated that
13   topic as a deliberative process topic, how TOTAL
14   works.  It's the formulas and inputs that make its
15   decisions.  So I'm going to claw this document back
16   at this time.
17            MR. MORGANROTH:  I don't understand
18   the objection and the --
19            MR. REIMER:  Nevertheless, I'm
20   clawing the document back as a deliberative process.
21            MR. MORGANROTH:  Well, the
22   explanation you just gave does not support
23   deliberative process privilege over this document.
24            MR. REIMER:  And -- well, I think it
25   does.  The deliberative process is the thought
```

Vicki Bott
2/13/2018
180

1   process and what goes into the determination of a
2   government decision and the inner working of inputs
3   to TOTAL Mortgage Scorecard, and what is -- what
4   constitutes an accept or refer decision is something
5   that we have asserted that privilege over.  So I'm
6   going to claw the document back.
7              MR. MORGANROTH:  Okay.  Well --
8              MR. REIMER:  I'm happy to go off the
9   record and have a conversation with you if you'd
10  like to, so --
11             MR. MORGANROTH:  I know.  We're using
12  up my time, so --
13             MR. REIMER:  -- I don't burn your
14  time up.  I know.  So do you want to --
15             MR. MORGANROTH:  -- I'm going to ask
16  you for these few minutes back that we're arguing
17  about this.  But, listen, I -- I don't agree with
18  your -- your clawback or your -- your objection and
19  characterization.  But, I mean, that -- I guess
20  that'll be for another time, and I won't ask the
21  witness about this.
22             MR. REIMER:  Okay.  Thank you.
23             MR. MORGANROTH:  And you're taking
24  away my document?
25             MR. REIMER:  Yes.  Andy?

Vicki Bott
2/13/2018
181

```
 1                    MR. LUSK:  We're going to keep the
 2   ones we got back at the office.  You understand
 3   that, right?
 4                    MR. REIMER:  Well, I will formally --
 5   we'll formally withdraw -- assert -- claw these
 6   back.  That was 25, so we can remark something as
 7   25.
 8                    MR. MORGANROTH:  Well, no.  We should
 9   keep that as --
10                    MR. REIMER:  Well, how -- all right.
11   Fine.  We'll keep it marked as 25, but I'm going to
12   take it with me.
13                    MR. MORGANROTH:  It's just --
14                    MR. REIMER:  Okay.
15                    MR. MORGANROTH:  We'll have something
16   else as 26.  We'll pull out a new guy.
17                    MR. REIMER:  I'm also going to
18   delegate it as attorneys' eyes only, but that --
19   nevermind -- it doesn't really matter because I'm
20   clawing it back.  Sorry.  Strike that.
21                    MR. MORGANROTH:  Can we take a
22   break -- do you mind if we take a break for a
23   second?
24                    VIDEOGRAPHER:  Off the record at
25   1223.
```

Vicki Bott
2/13/2018
193

```
 1    existing, slash, new review rules.
 2            Do you see that?
 3        A.  Yep.
 4        Q.  Okay.  Let's look at another attachment.
 5                    (Exhibit No. 30
 6                    marked for identification.)
 7                MR. REIMER:  Jeff, I'm going --
 8                MR. MORGANROTH:  You're going to claw
 9    this back?
10                MR. REIMER:  I'm going to claw this
11    document back, too.
12                MR. MORGANROTH:  Which one?
13                MR. REIMER:  The document that --
14    well, are you going -- the document you just handed
15    me, has it been marked yet?
16                MR. MORGANROTH:  It's part of the
17    attachment to what I've marked as Exhibit 28.
18                MR. REIMER:  Okay.  Well so --
19                THE WITNESS:  29.
20                MR. REIMER:  -- okay.  Well, so the
21    document -- you marked the last one as 29 separate?
22                MR. MORGANROTH:  Yeah, 29 was the
23    frist attachment.  This is the second attachment.
24                MR. REIMER:  Okay.  And so I'm going
25    to claw back this --
```

```
 1                MR. MORGANROTH:  They're all
 2   attachments to 28.
 3                MR. REIMER:  -- I'm going -- 29 is --
 4   I'm not clawing that one back, but I'm going to claw
 5   back the second attachment, which is titled, TOTAL
 6   Scorecard project management plan.
 7                MR. MORGANROTH:  And what's your
 8   basis?
 9                MR. REIMER:  Deliberative process.
10   This goes into the inner workings of the government
11   predecisional -- predecisional to rolling out a new
12   project, and it would potentially allow for the
13   reverse engineering of TOTAL Mortgage Scorecard.
14                MR. MORGANROTH:  Okay.  Reading this
15   document, I disagree with you on -- on that
16   interpretation.
17                MR. REIMER:  Okay.
18                MR. MORGANROTH:  That's not what this
19   is.  And it wouldn't give anyone the ability to
20   reverse engineer.  This is --
21                MR. REIMER:  Well, I'm clawing the
22   document back.  So my understanding is -- of the
23   rules is you have to --
24                MR. MORGANROTH:  Okay.  Well, let me
25   identify it for the record, and then --
```

Vicki Bott
2/13/2018
195

```
 1                      MR. REIMER:  Sure.
 2                      MR. MORGANROTH:  Well, we'll mark it
 3    as Exhibit 30, but he's going to claw it back, and
 4    I'm just going to have --
 5                      MR. CEARLEY:  29 and 30?
 6                      MR. MORGANROTH:  30.  So for the
 7    record, Exhibit 30 is entitled TOTAL Scorecard
 8    project management plan.  It's been Bates stamped
 9    USQKN2468655 through 2468668.  It was marked
10    confidential pursuant to the protective order.  This
11    is -- just for the record, is part --
12                      MR. REIMER:  Please do not discuss
13    the -- what you believe --
14                      MR. MORGANROTH:  No, no.
15                      MR. REIMER:  Okay.
16                      MR. MORGANROTH:  Hang on.  For the
17    record, this was one of the attachments to
18    Exhibit 28.  There were three attachments, and this
19    was the second one.  29 was the first attachment.
20    And I have another attachment which I'm going to
21    mark next, and we'll see if you're clawing that one
22    back.
23                      MR. REIMER:  Okay.
24                      MR. MORGANROTH:  But my understanding
25    is Exhibit 30 is being clawed back.
```

Vicki Bott
2/13/2018
196

```
 1                    MR. REIMER:  Yes.
 2                    MR. MORGANROTH:  So I'm handing my
 3     copy to --
 4                    MR. REIMER:  Thank you.
 5                    MR. MORGANROTH:  -- Mr. Reimer.  And
 6     here is the original.  Not the original, but the
 7     marked one.
 8                         (Exhibit No. 31
 9                         marked for identification.)
10                    MR. REIMER:  So I'm going to claw
11     this one back, too.
12                    MR. LUSK:  How is this remotely close
13     to that --
14                    MR. MORGANROTH:  Yeah.
15                    MR. LUSK:  -- I mean, that makes no
16     sense.
17                    MR. REIMER:  The document contains
18     predecisional work of the government --
19                    MR. LUSK:  No.  Where --
20                    MR. REIMER:  -- as covered by the
21     deliberative process -- Andy, I'm not -- I'm not
22     asking you to opine on this.  I'm clawing this
23     document back --
24                    MR. LUSK:  We had --
25                    MR. REIMER:  -- as we are --
```

Vicki Bott
2/13/2018
197

```
 1                    MR. LUSK:  -- this conversation --
 2                    MR. REIMER:  -- permitted to do.
 3                    MR. LUSK:  -- before.  I don't need
 4     your permission to opine on things --
 5                    MR. REIMER:  Okay.
 6                    MR. LUSK:  -- okay?
 7                    MR. REIMER:  Well, I'm --
 8                    MR. LUSK:  Jeez, stop doing that.
 9                    MR. MORGANROTH:  Mr. Reimer, just --
10     I ask that you reconsider --
11                    MR. REIMER:  I'm asking to claw back
12     the document.
13                    MR. MORGANROTH:  I understand that,
14     but let me just make a statement for the record and
15     see if you'll reconsider.  This document compares
16     prior versions of TOTAL Scorecard, which are all
17     stale and none of them are in -- in effect.  So it's
18     a -- it has the version, and the last version that's
19     being referenced here is from 2010.
20              And it compares aspects of those prior
21     versions, none of which would be in effect now and
22     none of which would give anyone the ability to
23     reverse engineer anything.  And it doesn't have any
24     deliberative process comments on here.  It's just a
25     spreadsheet as to the elements of prior versions.
```

Vicki Bott
2/13/2018
198

```
 1                  MR. REIMER:  The last version is --
 2      my understanding is -- as I'm reading this is a
 3      version that's being worked on and concerns that, so
 4      that's why I'm going to claw this document back.
 5                  MR. MORGANROTH:  Well, so then you
 6      don't get to claw the whole document back.  If
 7      that's the case, then it would just be the last
 8      version that would be redacted if -- if for some
 9      reason that would be privileged, but the rest of the
10      document isn't.
11                  MR. REIMER:  I'm going to claw this
12      document back.
13                  MR. MORGANROTH:  All right.  I'm
14      going to object to you clawing these documents back,
15      but I understand you're clawing it back.  This would
16      be marked as Exhibit 31.  For the record, the Bates
17      stamp numbers are USK -- I'm sorry -- USQKN2468669
18      through 2468870.  The document had been marked
19      confidential pursuant to the protective order.
20             I guess Exhibit 31 is being clawed back
21      now.
22             Now I want to go off the record briefly so
23      I can see if there's some documents I have left that
24      you're not going to claw back.
25                  MR. REIMER:  Fair enough.  Okay.
```

Thomas & Thomas Court Reporters                1321 Jones Street, Omaha, NE 68102
and Certified Legal Video, LLC                 Tel: (402) 556-5000 | Fax: (402) 556-2037

Vicki Bott
2/13/2018
199

```
 1                    VIDEOGRAPHER:  Off the record at
 2     1247.
 3                    (12:47 p.m. - Recess taken.)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```