UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Civil Action No.<br>2:16-cv-14050 (MAG) (RSW)<br><br>District Judge:<br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge:<br>Hon. R. Steven Whalen |

**UNITED STATES' MOTION TO COMPEL QUICKEN LOANS INC. TO RESPOND TO REQUESTS FOR ADMISSION**

To facilitate narrowing the parties' disputes related to the United States' Loan Findings Reports (dkts. 67, 79), the United States propounded requests for admission (RFAs) under Federal Rule of Civil Procedure (Rule) 36 to confirm that the parties agree about basic facts, such as what are the operative certifications in a loan file and whether the documents in the loan file support certain facts contained within those certifications (ex. 1 & 2). Quicken largely refused to answer those RFAs (ex. 3 & 4). Quicken's failure to respond is compounded by its refusal to provide access to its underwriting systems through which the United States would be able to determine the accuracy of these basic facts. The Court should compel Quicken to respond to the RFAs or provide access to its underwriting systems.

## BACKGROUND

The United States' Complaint alleged that Quicken violated the False Claims Act (FCA) and common law through a scheme to endorse ineligible loans for FHA insurance and identified four practices through which Quicken carried out that scheme. Under Rule 9(b), the Court limited the United States' FCA case to the four practices and allowed the common law case to proceed in full. *See* Order on Motion to Dismiss at 8, 52 (dkt. 25). The requirements of Rule 9(b) dovetail with Rule 8(a)'s requirement of "a short and plain statement[,]" and the Complaint therefore did not contain every detail of the ineligible loans involved in Quicken's fraudulent scheme. *See id.* at 7-8. To provide additional disclosures and pursuant

to the Court's order, the United States provided the Loan Findings Reports identifying which loans in the Loan Selection the United States "contends support its claims in this matter" and "the manner in which the loans do so, including specifically, what guideline or rule is alleged to have been violated." Dkt. 44 at 2. Quicken has yet to take a position on those findings other than to identify which findings fail to use the words "value appeal," "red flag," "income," or "employment." Dkt. 75-2, 75-3. While the parties dispute which of the findings that do not use these four words are within the case, the Court has indicated the issue is not ripe for judicial review until after a full factual record is made. Dkt. 97.

### The Government's RFAs Will Streamline Dispositive Motions and Trial

RFAs serve two purposes: "first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36 Advisory Committee Notes on 1970 Amendment; *see also United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (stating RFAs are "intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy"). RFAs are a mechanism that "allows parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). RFAs should be simple and direct to allow the elimination of facts that

are not in dispute. *See Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (collecting cases). While RFAs that run into the hundreds are generally disfavored, *see id.*, they are appropriate in complex cases where the RFAs are "highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant purpose." *Kershner v. Beloit Corp.*, 106 F.R.D. 498, 499 (D. Me. 1985). Here, Quicken itself recognizes that the complexity of the case justifies numerous RFAs, as Quicken issued 394 RFAs to the United States, many with hundreds of subparts (i.e. RFAs 163-164). *See* Quicken First RFAs (ex. 5).

There are two sets of RFAs at issue in this motion: (1) a set that concerns the operative documents in the loan files, *see* United States Second Set of RFAs (ex. 1) ("Document RFAs"); and (2) a set that addresses the specific factual allegations outlined in the Loan Findings Reports, *see* United States First Set of RFAs (ex. 2) ("Factual RFAs"). The Document RFAs seek to confirm the documents Quicken used when approving the loans. For example, the United States sought to confirm which Automated Underwriting Certificate ("AUS Certificate") Quicken relied upon when endorsing particular loans for FHA mortgage insurance. The AUS Certificate is the most important document in a loan file because it spells out the variables such as debts, income, or mortgage payments Quicken used when approving the borrower for an FHA-insured mortgage, as well as specific

documentation requirements for the specific loan. In essence, the AUS Certificate constitutes the facts and circumstances Quicken certified as accurate and complete for a specific loan. Nevertheless, when asked to admit the Bates range of the AUS Certificate it relied on to endorse a loan for FHA mortgage insurance, Quicken simply refused to answer the admission. *See, e.g.*, ex. 3 at 548-549. This gamesmanship prohibits the parties from identifying for this Court which document contains the operative certification, necessitating proof of this basic and straightforward fact through unnecessary dispositive motions or an elongated trial.

For the Factual RFAs, the United States sought admissions related to discrete issues of fact in an attempt to determine if the parties dispute the facts (as opposed to disputes about materiality and knowledge) for the loans in question. For example, in FHA Case No. 281-3681399, the Loan Findings Reports stated that "Quicken failed to document per HUD requirements the funds required to close the mortgage." RFA 244, which concerns this loan, asked Quicken to admit that it "granted an exception, and allowed the loan to close without documenting the borrower's assets prior to closing." (ex. 2 at 31). Quicken refused to provide an answer even though documents produced by Quicken indicate an exception was granted. (ex. 4 at 196-197). The Court should order Quicken to respond to this RFA, which would narrow the issues for trial by resolving the question of whether Quicken granted an exception on the loan in question. Notably, the few times Quicken responded to the RFAs, its

response did indeed help narrow the issues, as in certain instances it admitted to facts that support the United States' contentions concerning Quicken's underwriting violations (*see, e.g*., Responses to RFAs 12 (ex. 4 at 20-21), 395 (ex. 4 at 316), 567 (ex. 4 at 449)). The United States is only moving for relief on the RFAs related to credit findings. Ex. 2 RFAs 1-606.

**The RFAs Seek Relevant Information Proportionate to the Needs of the Case**

Quicken asserts that the RFAs fall outside of its narrow reading of the four practices the Court allowed to proceed, applying *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007), and hence are overly broad. These assertions are without merit, and the discovery should be allowed.

As an initial matter, *Bledsoe* concerns Rule 9(b) and so only applies to the FCA claims, not the common law claims. *See* Order on Motion to Dismiss at 8, 52. The RFAs are proper in relation to these common law theories.

Moreover, the United States has uncovered evidence to support its contentions that the findings are related to the four practices encompassed by the FCA claims, and the RFAs are proper for that reason as well. *See supra* at 4. Although the parties continue to disagree about the contours of the red flags and exception practices pleaded in support of the Government's FCA claims, the Court has already ruled that those disputes should be resolved *after* the close of discovery through dispositive or *in limine* motions. When faced with similar motions to limit

discovery based on disputes over the scope of a complaint, courts generally have allowed discovery to proceed if the plaintiff uncovers evidence supporting its interpretation, as the Government already has done here. *See United States ex rel. Spay v. CVS Caremark Corp.*, Civ. A. No. 09-4672, 2013 WL 4525226 (E.D. Pa. Aug. 27, 2013) (allowing "Plaintiff to test the waters of his nationwide claim with the opportunity for broadening its scope should its allegations ring true.").

Furthermore, the United States' outstanding discovery requests are directed at factual questions that will assist the Court in determining the scope of the issues for trial. The Government's remaining discovery, including responses to these RFAs, the outstanding depositions and the expert reports, will provide the Court a fuller record on the loan findings and the practices the findings fall within—for exceptions, whether they were a management or underwriter exception, and for red flags, how the findings implicate the borrower's ability to repay the mortgage, the borrower's creditworthiness, or the integrity of the data entered into the AUS. *See* Compl. ¶¶ 115-118, 166, 171,172.

Quicken provides no path for the Court to resolve the dispute now under the limitations it has unilaterally placed on the United States' FCA claims based on its crabbed reading of *Bledsoe* and this Court's prior rulings. Quicken has flatly refused to analyze the United States' Loan Findings Reports in detail, but rather has merely searched for four words within the findings and argues that anything

lacking those four words is not properly within the case. But the presence or absence of those four words cannot arbitrarily dictate whether or not a given loan falls within the four practices the Court has allowed for the FCA claim, much less whether the loan was the product of negligence or a breach of fiduciary duty. Notably, the United States has committed to categorizing the findings at the time of expert disclosures, after a complete factual record is available. Quicken will have its opportunity to challenge any findings set forth in the United States' expert report, and then the Court will have the information it needs to determine which findings fall within the four corners of the well-pled FCA allegations in the United States' complaint.

Finally, if the Court is concerned by Quicken's burden assertions regarding the RFAs, the United States is willing to undertake its own review of Quicken's underwriting systems and, accordingly, requests access to those systems as an alternative means to confirm the information it seeks through the RFAs. Dkt. 92. Respectfully submitted,

CHAD A. READLER  By: */s/ Samuel J. Buffone Jr.*
Acting Assistant Attorney General  Attorney, Commercial Litigation Branch
  P.O. Box 261, Ben Franklin Station
MATTHEW J. SCHNEIDER  Washington, DC 20044
United States Attorney  (202) 616-2945

*Attorneys for the United States of America*

## **Local Rule Certification**

I, Samuel J. Buffone Jr., certify that the United States' Memorandum on Current Discovery Issues complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ Samuel J. Buffone Jr.*
Samuel J. Buffone Jr.

Case 2:16-cv-14050-MAG-RSW   ECF No. 121, PageID.4962   Filed 07/03/18   Page 10 of 10

# Certificate of Service

I hereby certify that on July 3, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Jeffrey B. Morganroth
> MORGANROTH & MORGANROTH, PLLC
> 344 North Old Woodward Avenue, Suite 200
> Birmingham, MI 48009
>
> Thomas M. Hefferon
> William Kyle Tayman
> Sabrina M. Rose-Smith
> Joseph F. Yenouskas
> Levi Swank
> Matthew Riffee
> Joseph Savage
> Kate MacLeman
> GOODWIN PROCTER LLP
> 901 New York Avenue, NW
> Washington, DC 20001

Additionally, copies of the sealed attachments were served via email to all counsel of record.

> /s/ Samuel J. Buffone Jr.
> Samuel J. Buffone Jr.
> Attorney, Commercial Litigation Branch
> P.O. Box 261, Ben Franklin Station
> Washington, DC 20044
> (202) 616-2945
> Email: Samuel.j.buffone@usdoj.gov