UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 16-cv-14050

      HON. MARK A. GOLDSMITH

QUICKEN LOANS, INC.,

      Defendant.

_____/

**ORDER REGARDING (1) QUICKEN'S MOTION TO COMPEL (Dkt. 93), (2) QUICKEN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED (Dkts. 102, 104), AND (3) THE GOVERNMENT'S MOTION TO COMPEL (Dkts. 91, 92)**

In its June 5, 2018 Order (Dkt. 106), the Court addressed issues raised in two discovery motions: Defendant Quicken Loans, Inc.'s motion to compel (Dkt. 93) and the Government's motion to compel (Dkts. 91, 92). The Court required supplemental filings and an evidentiary hearing (which was conducted on June 15, 2018) to ensure a complete record on matters not fully addressed by the earlier briefing on those motions. It also allowed for an ex parte submission by the Government in response to Quicken's motion challenging the Government's assertion of privilege (Dkts. 102, 104). Having reviewed all the materials, the Court now rules on the remaining issues.

**I. QUICKEN'S MOTION TO COMPEL (Dkt. 93)**

Quicken seeks production of a Government memo and email that supposedly show that this civil action was a "political initiative unrelated to loan quality." Def. Mot. at 14; see also Request for Production 198-199. The Court ordered that the documents be submitted to the Court for in camera review, see 6/5/2018 Order at 6, PageID.4722 (Dkt. 106), which was done. Having

1

reviewed the documents, the Court upholds the Government's assertion of attorney-client privilege and the work-product doctrine. The documents contain advice from attorneys related to steps that the Federal Housing Administration ("FHA") should take after initial steps of litigation had begun. Therefore, the Court will not order the Government to produce these documents.

Regarding Quicken's demand for documents about the Government's decision to continue doing business with Quicken (RFP 189) and documents pertinent to the statute of limitations (RFPs 162-163), the Court ordered the Government to file a declaration detailing what search was conducted, so the Court could evaluate the Government's contention that it was unaware of any responsive documents. See 6/5/2018 Order at 6, PageID.4722.

Having reviewed the declaration, the Court is satisfied that the Government has conducted a reasonable search. The declaration details that the Department of Housing and Urban Development's Office of General Counsel has researched the various issues raised by Quicken and conferred with employees, and has determined that no additional documents exist that are responsive to the requests. See Narode Declaration (Dkt. 112). Therefore, the Court will not order further action by the Government in regards to those RFPs.

## II. GOVERNMENT'S MOTION TO COMPEL (Dkts. 91, 92)

The Government claimed that certain information produced by Quicken was not in "reasonably usable" form under Fed. R. Civ. P. 34(b)(2)E)(ii), and that the Government thus needed remote access to certain Quicken underwriting systems, namely AMP, LARS, and GURU. The Court conducted an evidentiary hearing on June 15, 2018 to learn more detailed facts about the systems and Quicken's contention that remote access would not be appropriate.

Having considered all the testimony presented, the Court concludes that the Government has adequately demonstrated that it will be significantly handicapped in deposing Quicken

personnel without access to these systems. At the same time, the Court concludes that, with remote access, there is no effective way to fully and timely protect Quicken's proprietary interest in other information unrelated to this action, which can be accessed through these systems. Therefore, the prudent approach is for the Government to be granted monitored access to the system, before and during depositions, at Quicken's premises.

Unless the parties agree to other arrangements, Quicken shall make the AMP, LARS, DocViewer, and GURU systems available to Government representatives (i.e. attorneys and supporting workers or contractors) at Quicken premises during the taking of a deposition, and additional on-premises access for up to 16 hours of preparation for each deposition within three business days before each deposition. Quicken may have monitors present while the Government representatives access the underwriting systems.

While Quicken asked at the hearing for the same access to Government computer systems, the Court agrees with the Government that Quicken has not filed a motion to that effect, and the Government should be allowed further briefing on whether such access would be appropriate. The Court grants leave to Quicken to file such a motion no later than **July 23, 2018**. If it does, the Government shall respond by **July 30, 2018**; and Quicken shall reply by **August 6, 2018**.

### III. QUICKEN'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED (Dkts. 102, 104)

Quicken challenges the assertion of privileges as to certain documents that detail the process undertaken by the Government in amending the FHA's TOTAL (Technology Open to Approved Lenders) algorithm.[1] The Court reviewed the documents in camera to evaluate the

---

[1] The documents include an email chain, forty versions of a project management plan, and nine versions of a chart containing proposed revisions to the algorithm. In its reply brief, Quicken withdrew its request as it pertained to the chart. See Def. Reply at PageID.4729 (Dkt. 108).

3

Government's claim of privilege based on deliberative process. Having reviewed the documents, the Court sustains the Government's assertion of the deliberative process privilege. That privilege protects the "decision making processes of government agencies," focusing on "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975) (internal quotation marks omitted). It requires a showing that the document is both "predecisional and deliberative." Schell v. U.S. Dep't of Health & Human Servs., 843 F.2d 933, 940 (6th Cir. 1988) (internal quotation marks omitted). The assertion of privilege is satisfied, given that the documents propose recommended changes to a government system, some of which appear to have been adopted. Therefore, the Court will not order the Government to produce these documents.

In reaching this conclusion, the Court rejects Quicken's argument that the Government waived its privilege as it relates to these documents because it "chose the most unreasonable manner possible to avoid producing privileged documents" and "took no reasonable steps to mitigate the effects of its waiver." See Mot. at 2-3, PageID.4699-4700. As an initial matter, Quicken has argued based on factors related to waiver of the attorney-client privilege, without citing case law showing that these factors also apply to the deliberative-process privilege. Regardless, the parties have accounted for the reality that, in this sprawling case, some privileged documents are likely to be turned over in the course of discovery. In the stipulated protective order entered by the District Court for the District of Columbia prior to transfer to this Court, the parties agreed that "[b]y providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity." See 5/4/2016 Stipulated Protective Order, ¶ 19 (Dkt. 33-8). That same order allowed the party who produced

4

privileged documents to claw back those documents. See id., ¶ 20. Quicken argues that the Government chose the most unreasonable manner possible to avoid producing privileged documents, but in a case in which the Government produced over 2.2 million documents, see Pl. Resp. at 5, PageID.4683 (Dkt. 103), it would be unreasonable to expect a fool-proof type of review that will ensure that there will be no production of documents that may be privileged. The disclosure here was inadvertent, and the Government took reasonable steps to prevent disclosure of privileged documents by running its own ESI searches to discover potentially privileged documents, see id. at 9, PageID.4687. Further, given the massiveness of the litigation tasks to be performed, the Government acted reasonably promptly in taking reasonable steps to rectify the error once it learned of it. See Fed. R. Evid. 502. Accordingly, the Court finds that the privilege is not waived.

Quicken also challenges the Government's assertion of privilege as to some 300,000 documents by way of a privilege log for a variety of reasons, including: (i) failure to specify the privilege being invoked, (ii) failure to review documents to determine whether the privilege actually applies, and (iii) failure to produce redacted documents for those documents which the Government has reviewed. The Government responds that Quicken's motion is inconsistent with the May 29, 2017 stipulation of the parties under Fed. R. Civ. P. 29 (Dkt. 99-3), which sets out a certain protocol for challenges to assertions of privilege. The Government also argues that it has acted reasonably in reviewing documents by narrowing its claim of privilege by several hundreds of thousands of documents through a time-consuming and costly document review process.

This mega-litigation highlights the difficulty of conducting discovery where potentially millions of documents might have some bearing on myriad issues and where privileged documents might be found nestled among them. When huge troves of information are electronically stored,

computer search terms and algorithms can go only so far in the necessary winnowing process. The problem is compounded here because the parties used expansive search terms, triggering millions of hits, and because their stipulation does not address how an impasse is to be resolved after a party's demand for a "Document Level Log" is rejected. See Stipulation ¶ 6.

In these circumstances, the Court must devise an approach that is both fair and efficient, proportional to the needs of the case, and reasonably protective of the Government's assertion of privilege, vague as that assertion may be at this point. To these ends, the Court orders the parties to confer on the development of additional search terms that may be applied to this sub-universe of documents, with the goal of narrowing it down to documents that bear on the issues in our case and identifying which documents among them are privileged. If the parties are not able to resolve this aspect of their dispute, they shall file a joint statement, by **July 25, 2018**, setting forth the results of their efforts and suggested next steps. The Court will thereafter issue an appropriate order.[2]

SO ORDERED.

Dated: July 13, 2018　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2018.

　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[2] The Court rejects Quicken's waiver argument regarding the 300,000 documents for the reasons stated earlier in this Opinion. While the Government's failure to review all documents prior to production may ultimately impact on what action the Court will take if the parties cannot resolve this dispute on their own, the Government's action is not inconsistent with the parties' Rule 29 stipulation and does not amount to a waiver.

6