UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 16-cv-14050

v.

HON. MARK A. GOLDSMITH

QUICKEN LOANS, INC.,

      Defendant.

_____/

### ORDER REGARDING GOVERNMENT'S ASSERTION OF PRIVILEGE (Dkts. 102, 104)

Defendant Quicken Loans, Inc.'s motion to compel regarding the Government's assertion of privilege as to certain electronically stored documents (Dkts. 102,104) was initially addressed in the Court's July 13, 2018 Order (Dkt. 127), in which the parties were ordered to confer on additional search terms with the goal of narrowing the collection of documents as to which privilege might be claimed.  The parties engaged in that exercise and filed a joint statement (Dkt. 133).  They state that the initial universe of 300,000 documents as to which the Government had asserted potential privilege has been narrowed to a collection of 15,966 documents, which the Government was still reviewing as of the filing of the joint statement on July 25, 2018.

The parties disagree as to how to reach final resolution.  The Government argues that it should be entitled to stop reviewing the collection of 15,966 documents as of August 1, 2018 – the date for completion of fact discovery – without further obligation, even if it cannot complete the review of the collection by that date.  Quicken says that the Government should produce each of the 15,966 documents under the parties' existing "attorneys' eyes only" stipulation.  Alternatively, Quicken says, the Government should be ordered to substantiate its privilege claim.

The Court must adopt a resolution that recognizes the fundamental discovery principle that parties be allowed to obtain information relevant to the claims and defenses within the bounds of proportionality. See Fed. R. Civ. P. 26. Here, the Government initially claimed that it had reason to believe that a significant number of privileged documents would be found among a collection of 300,000 documents located through a search of certain terms. But the parties were at an initial impasse as to how to address whether specific documents were, in fact, claimed to be privileged. Through further discussions that very large universe has now been narrowed to the group of 15,966 (and in fact, maybe less because of further Government review after the filing of the joint statement).

Because that volume is within the ballpark of manageability, the Government should be given additional time to winnow it down and make a determination regarding privilege. It will be given until August 17, 2018 to do so. If there remain any unreviewed documents as to which the Government has not determined the applicability of privilege, the Government shall produce all such remaining documents under an "attorneys' eyes only" order pursuant to Federal Rule of Evidence 502(d) on or before August 24, 2018.

SO ORDERED.

Dated:  August 10, 2018　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager