UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Civil Action No.<br>2:16-cv-14050 (MAG) (RSW)<br><br>District Judge:<br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge:<br>Hon. R. Steven Whalen |

**QUICKEN LOANS' SUPPLEMENTAL MEMORANDUM TO COMPEL
DOCUMENTS AND TESTIMONY CONCERNING
<u>MORTGAGEE LETTER 2009-28 (ECF 138)</u>**

Quicken Loans submits this supplemental memorandum to its Motion (ECF 138) to update the Court on recent events. Quicken Loans moved this Court for four forms of relief to remedy the Government's indiscriminate use of privilege to withhold highly relevant and exculpatory evidence regarding the value appeals allegations and Mortgagee Letter ("ML") 2009-28: (1) the production of drafts of ML 2009-28; (2) the re-opening of Ada Bohorfoush's deposition for one hour; (3) the production of 203 documents relating to ML 2009-28 that had been withheld for privilege (only 15 of which had been logged); and (4) the production of 11 specific drafts of the ML that were logged and withheld. Since opposing Quicken Loans' Motion, the Government has logged the remaining 188 documents (Ex. 1, "Log"). This untimely Log only further establishes that relief here is warranted.

First, and remarkably, the Government rescinded its privilege assertion for 143 of 203 documents (70%), thereby conceding that it had wrongly withheld documents that should have been produced months ago. This revelation confirms that the Government's assertions of privilege in this case cannot be trusted. The documents themselves contain exculpatory evidence, prejudicing Quicken Loans by not having them for use at depositions. For example, one document (Ex. 2) confirms Quicken Loans' understanding, consistent with other HUD documents (ECF 138-3), that ML 2009-28 was newly "adopting" key parts of the HVCC, not "reaffirming" existing guidance. Another document only now produced with a

single redaction (the Government had refused to redact *any* documents) reveals that Ms. Bohorfoush was waiting for instruction from "upper management" before revising an earlier draft of the ML (Ex. 3), consistent with her testimony that there was disagreement within HUD about whether the ML was confirming existing guidance. Quicken Loans was deprived of this document at her deposition and so could not ask her about this instruction. The remedy to that harm is to re-open the deposition and allow examination with this document, and all drafts of the ML.

Second, the Log exposes that the Government is using privilege as a sword, despite its false assertion that it is not. Last Friday, it produced 18 draft versions of ML 2009-28, each of which parrots the "reaffirming" language in the final version of ML 2009-28. Yet, the Log identifies 17 other privileged drafts of the same ML. In all, the Government has taken multiple conflicting positions on ML 2009-28: (i) it has withheld drafts where the custodian(s) and/or filenames (with slight differences) are the same as non-privileged produced versions; (ii) it withheld drafts based solely on DPP despite having produced other drafts; and (iii) it maintains privilege over drafts that show the ML was not "reaffirming" existing guidance, yet waived privilege over one such draft (ECF 93-7).

The reason the Government has taken conflicting positions and is fighting to maintain privilege here is no unsolvable mystery. The Government is apparently selectively asserting privilege to hide drafts of the ML that harm its case and

2

support Quicken Loans' understanding that the requirements in ML 2009-28 were new, yet it has withdrawn its privilege claim over drafts that support its position that ML 2009-28 was "reaffirming" existing guidance. Using privilege as both a shield and a sword is abusive and the Court should not allow it. *See, e.g.*, *Brown v. City of Detroit*, 259 F. Supp. 2d 611, 623-24 (E.D. Mich. 2003) (Rosen, J.). The Government rests on HUD's characterization of the guideline as long-held, so Quicken Loans must be allowed to obtain evidence that disproves the assertion.

In light of this, and for the reasons explained in its Motion, Quicken Loans seeks the relief outlined in further detail in the proposed order submitted herewith: (i) the production of all drafts of ML 2009-28; (ii) the production of all other documents on the Log (with exceptions noted in the proposed order); (iii) the production of the drafts on the prior log (ECF 138-7) (with exceptions noted in the proposed order); and (iv) that Ms. Bohorfoush's deposition be re-opened for the one hour the parties agreed to reserve, and that the Government be instructed that it cannot obstruct testimony on drafts of ML 2009-28 by asserting privilege.

Dated: August 28, 2018

Respectfully submitted,
QUICKEN LOANS, by its attorneys,

*/s/ Jeffrey B. Morganroth*

Thomas M. Hefferon
Sabrina M. Rose-Smith
W. Kyle Tayman
**GOODWIN PROCTER LLP**
901 New York Ave., NW
Washington, DC 20001

Jeffrey B. Morganroth
**MORGANROTH &
MORGANROTH, PLLC**
344 North Old Woodward Ave., Suite 200
Birmingham, MI 48009
jmorganroth@morganrothlaw.com

3

## **LOCAL RULE CERTIFICATIONS**

I, Jeffrey B. Morganroth, certify that Quicken Loans Inc.'s Supplemental Memorandum to Compel Documents and Testimony Concerning Mortgagee Letter 2009-28 complies with the limitations set forth in the Court's August 24, 2018 Order, and Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

*/s/ Jeffrey B. Morganroth*
Jeffrey B. Morganroth

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2018, a copy of the foregoing was served by electronic means via the Court's CM/ECF System on all counsel registered to receive electronic notices.

*/s/ Jeffrey B. Morganroth*
Jeffrey B. Morganroth