UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

QUICKEN LOANS, INC.,

       Defendant.
_____/

Case No. 16-cv-14050

HON. MARK A. GOLDSMITH

## ORDER REGARDING SEPTEMBER 7, 2018 STATUS CONFERENCE AND DENYING WITHOUT PREJUDICE GOVERNMENT'S MOTION TO COMPEL (Dkt. 121)

This matter is before the Court on the Government's Motion to Compel Quicken Loans to respond to its requests for admission ("RFAs") (Dkt. 121). In that motion, the Government requested that the Court require Quicken to respond to RFAs, which Quicken had "largely refused to answer" because Quicken believed they related to issues beyond the scope of the case. See Pl. Mot. at 2, PageID.4954. In its response (Dkt. 125), Quicken reiterated that it believed the RFAs were not related to issues in this action in that many pertained to allegedly fraudulent practices not alleged in the complaint ("unpled practices").

In a related vein, Quicken sent its August 22, 2018 letter to the Court requesting a status conference to address a mechanism for determining which practices are or are not in this case. Quicken argued that a threshold determination will save Quicken great expense by avoiding unnecessary expert testimony on loans or findings that will not be at issue. In its August 23, 2018 letter, the Government opposed utilizing any process other than the standard mechanism of resolving pre-trial questions through summary judgment or motions in limine, contending that Quicken's suggested process would delay proceedings in the case.

In an attempt to resolve the dispute about the wisdom of a threshold determination on unpled practices – a matter that would impact potentially the motion to compel – the Court ordered that the Government submit to chambers its expert disclosures and a memorandum categorizing the loans into the four practices pled in the complaint. See 8/24/2018 Order (Dkt. 143). The Government did so on August 31, 2018, and the parties filed supplemental memoranda concerning those disclosures (Dkts. 146, 148). The Court then held a status conference on the issue on September 7, 2018. For the reasons explained below, the Court denies Quicken's request for a threshold determination whether certain of the Government's findings regarding practices are part of this case and also denies the Government's motion to compel without prejudice.

The Court agrees with the Government that it is not prudent for the Court to engage in a threshold determination – a process that would require a significant amount of time and effort before expert discovery has concluded or dispositive motions have been filed. Since the filing of the Government's motion and Quicken's response, the Government has significantly reduced the numbers of loans and findings at issue. The Government's spreadsheet attachment to its memorandum categorizing loans into the four practices contained only 125 loans, much fewer than the 487 included in the September 1, 2017 Loan Selection Findings (Dkt. 67). Because the findings allegedly reflecting unpled practices have been significantly reduced, the burden of potentially wasteful expert testimony preparation has been reduced as well.

Furthermore, the savings that Quicken envisions may well be illusory. If the threshold determination that Quicken seeks does not significantly reduce the findings in the case, significant effort will have been expended by Quicken and the Government, which may have to be duplicated, in large measure, for the summary judgment phase of the case.

While savings to Quicken are speculative under its proposal, the cost to the Court is not. It will be engrossed in a de facto summary judgment phase that will certainly entail a great commitment of time and effort. And that effort – or much of it – will potentially have to be expended again if Quicken's position on unpled practices does not prevail.

What is undisputed is that Quicken's proposal will delay these proceedings; by how much is the only uncertainty. Briefing would require several weeks, followed by hearing and an opinion. It is not unreasonable to conclude that the process might well take three to four months, forcing expert discovery, summary judgment, and trial to be postponed. Given the delay and potentially duplicative effort, this would not be an efficient use of Court resources. For these reasons, the Court will not engage in Quicken's suggested winnowing process and alter the schedule at this stage.

Nor will the Court otherwise address the merits of the Government's motion to compel. Because the number of loans and findings at issue has been significantly decreased, it is possible that not all of the previously-served RFAs remain viable. Thus the Government's motion to compel (Dkt. 121) is denied without prejudice. If the Government is intent on proceeding with requests to admit, it must confer with Quicken to determine if agreement can be reached on the scope and content of the requests. If no agreement is reached, the Government is granted leave to serve a new set of RFAs on or before September 14, 2018. Any objections must be served by September 21, 2018, while substantive responses must be served on or before October 5, 2018. These timeframes may be adjusted through stipulation of the parties.

During the status conference, the parties also requested that the Court address expert depositions. Quicken requests that each expert deposition be capped at 11 hours, while the

Government prefers that the cap be kept at 7 hours. Given the complexity and numerosity of issues in this case, the Court agrees with Quicken that 11 hours per expert for depositions is appropriate.

SO ORDERED.

Dated: September 7, 2018       s/Mark A. Goldsmith
       Detroit, Michigan      MARK A. GOLDSMITH
       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2018.

     s/Karri Sandusky
     Case Manager