UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUICKEN LOANS, INC.,

    Defendant.
_____/

Case No. 16-cv-14050

HON. MARK A. GOLDSMITH

**<u>ORDER REGARDING QUICKEN'S MOTION TO COMPEL (Dkt. 138), THE GOVERNMENT'S MOTION TO COMPEL (Dkt. 139), AND QUICKEN'S MOTION FOR A PROTECTIVE ORDER (Dkt. 122)</u>**

This matter is before the Court on the parties' respective motions to compel and Defendant Quicken Loans' motion for a protective order (Dkt. 122). In its motion to compel (Dkt. 138), Defendant Quicken Loans seeks to reopen testimony and compel documents regarding Mortgagee Letter 2009-28, which it says the Government relies upon heavily despite clawing back a draft of the letter at depositions. Quicken also requests that the Court compel additional 30(b)(6) testimony on the factual basis for the alleged fraudulent conduct, the factual basis for damages, and the Big Lender Initiative ("BLI"). The Government's motion (Dkt. 139) seeks relief on six topics: (1) documents that Quicken collected from third parties related to the Loan Selection; (2) the deposition of Dan Gilbert; (3) non-privileged information and a privilege log for withheld loan journal notes; (4) additional inspection of AMP; (5) the deposition of Julie Cabble; and (6) the production of profit and revenue data for the universe of loans Quicken claims is relevant to its defense. As explained below, each motion to compel will be granted in part. Quicken's motion for a protective order will be denied as moot.

**I. QUICKEN'S MOTION (Dkt. 138)**

**A. Claims of Privilege**

Quicken first requests that the Court compel production of documents concerning Mortgagee letter 2009-28, which it claims relates to the Government's allegation that Quicken knowingly violated HUD guidelines when it used a value appeal process. Quicken claims that the Government has selectively produced some documents, but has withheld others under the deliberative process and attorney-client privileges. Quicken argues that it has a compelling and substantial need for production of the withheld documents, claiming that it had stopped value appeals four months before the letter was released and that the letter established new policy. The Government argues that Quicken has no substantial need for more discovery on the subject of value appeals, and that Quicken cannot overcome the two privileges.

To determine the propriety of the Government's assertions of privilege, the Court will require that the Government submit, for in camera review, the documents for which it is claiming deliberative-process privilege and/or attorney-client privilege. The Government shall submit the documents to chambers on or before **September 20, 2018**, and shall file a memorandum setting forth its position on the documents by the same date. Following review, the Court will address the privilege claims and the reopening of Ada Bohorfoush's deposition relative to the documents.

**B. Rule 30(b)(6) Depositions**

Quicken also requests that the Court compel additional witness testimony under Federal Rule of Civil Procedure 30(b)(6). Quicken requests deposition on three subjects: (i) facts supporting the supposed misconduct, i.e. the facts that form the basis for each of the four alleged practices in the Complaint; (ii) damages; and (iii) the BLI. As to the last topic, Quicken contends that the BLI was a political initiative, which led to the Government targeting Quicken, despite the Government's belief that Quicken Loans had stellar performance.

The Government argues that Quicken's first subject is improper, because it is a contention-based topic.  The Government disputes Quicken's position that the deposition will only explore factual contentions and evidence by pointing to this Court's prior ruling that "questions as to legal theories and contentions should generally not be directed to a fact witness."  Joao Control & Monitoring Systems, LLC v. Chrysler Group, LLC, No. 13-13957, 2017 WL 3498951 at *9 (E.D. Mich. Aug. 16, 2017).  However, as is clear from Quicken's motion and its first amended notice of deposition, see Am. Notice, Ex. 7 to Def. Mot. (Dkt. 138-8), Quicken has pledged to seek testimony regarding only the facts and circumstances underlying its claims, rather than legal contentions. See Def. Mot. at 7-8, PageID.7297-7298 ("Quicken Loans clarified that it was only seeking testimony about factual contentions and evidence."). The Government can be required "to produce a witness prepared to apprise the Defendants of the facts they would face at trial."  CFPB v. Universal Debt Sols., LLC, No. 15-859, 2017 WL 3887187 at *7 (N.D. Ga. Aug 25, 2017). Because Quicken seeks testimony only regarding facts underlying the Government's claims, the Court grants this aspect of Quicken's motion.

The Court will deny the motion as it relates to the request for a 30(b)(6) deposition on damages.  The Government has already provided data used to formulate damages through interrogatories, as well as a 30(b)(6) witness to testify about the contents of that data.  See Chin Dep., Ex. 10 to Pl. Resp. (Dkt. 141-11).  Quicken does not explain what further information it is entitled to on the subject, nor why the Chin deposition was insufficient.  Additionally, as the Government explained in its objection to the request, material relevant to this request will be the subject of expert disclosures and expert discovery, a process which is ongoing.  See Pl. Resp. to Second Set of Interrogatories, Ex. 11 to Pl. Resp., at 9-10, PageID.7691-7692, (Dkt. 141-12).

The Court will also deny the request as it relates to the BLI. Quicken seeks a witness who will testify that Quicken was targeted through the BLI "not because they were bad but because they were large." Def. Mot. at 10, PageID.7300. Quicken argues that this action was brought as a political initiative, even though the Government believed Quicken was performing in a stellar manner. Essentially, Quicken argues that this action is a sham, and that the Government is using the judicial process improperly However, the relevant inquiry in this litigation is not why the Government brought suit, but whether Quicken has violated the False Claims Act. Discovery may only be sought on subjects that are relevant to the issues in the case, see Fed. R. Civ. P. 26)(b)(1); the Government's motivation for bringing suit is not such a subject. While Quicken is free to explore any specific evidence that the Government was not defrauded as to particular transactions, the BLI topic as framed by Quicken goes far beyond that line, by seeking to investigate the enforcement policies of the Government. Quicken offers no authority allowing such a far-ranging inquiry into motivation, untethered to specific transactions. Even if relevant to the claims or defenses, the effort is disproportional. Accordingly, the Court will not require the Government to produce a witness on the BLI.

## II. GOVERNMENT'S MOTION TO COMPEL (Dkt. 139)

As noted above, the Government seeks relief on six discovery matters, which are considered in turn.

**A. Deposition of Dan Gilbert**

The Government seeks an additional hour to depose Dan Gilbert, the chairman of Quicken's parent company, Rock Holdings. The Government claims, and Quicken does not contest, that Quicken set the parameters for Gilbert's deposition, limiting it to four hours; Quicken did not seek a protective order to limit the deposition. The Government alleges that the shortened

4

deposition time prevented it from reaching certain important subjects. Quicken responds that the Government did not prioritize its time well, and notes that the Court limited the timing of former HUD Secretary Shaun Donovan's deposition to four hours at the Government's request.

The Court grants the Government's request. Federal Rule of Civil Procedure 30 governs depositions, with Rule 30(d)(1) providing that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." There was no stipulation to a shorter deposition here, nor was there a court order limiting it to four hours. Quicken's comparison to the Donovan deposition is inapposite, as there, the Government followed proper practice and sought a protective order to limit deposition testimony. If it wished to limit Gilbert's deposition due to his schedule or alleged limited role in the transactions pertinent to the litigation, Quicken should have done the same here before unilaterally deciding that the deposition would only be four hours long. For these reasons, the Court grants the Government's request as it pertains to the deposition of Dan Gilbert.

### B. AMP Access

The Government next asks for an additional 60 hours of access to AMP, Quicken's underwriting system. The Court previously granted the Government access to the system, see 7/13/2018 Order (Dkt. 127), but the Government now claims that Quicken denied access to loss mitigation screens and AUS runs. Quicken argues that the Government is attempting to access areas not covered by the Court's order.

The Court grants the Government's request. Contrary to Quicken's argument, the Court did not limit access to AMP. Rather, the Court only ordered that "Quicken shall make the AMP, LARS, DocViewer, and GURU systems available to Government representatives (i.e. attorneys and supporting workers or contractors) at Quicken premises during the taking of a deposition, and

5

additional on-premises access for up to 16 hours of preparation for each deposition within three business days before each deposition." 7/13/2018 Order at 3, PageID.6933. Because Quicken has improperly restricted access to the AMP system, the Court will grant the Government's request and allow the Government 60 additional hours to access to the AMP system.

**C. Remaining Issues**

The Court will deny the Government's requested relief on the remaining issues in its motion.

For all but one of the requests, the Government has unduly delayed in requesting judicial relief. The loan journal notes – redacted under a claim of privilege – were produced over a year ago, see 5/26/2017 Order at 4 (Dkt. 43); yet the Government has waited until after the close of discovery to seek to test that claim of privilege. The "profit and revenue data" issue is likewise a residual issue from years ago. The Government's first document request, which asked for the data, was served in May 2016. The parties thereafter had discussions about it, during which the Government apparently agreed to narrow its request, according to Quicken. See Def. Resp. at 9, PageID.7799 (Dkt. 142). Inexplicably, the Government has waited until the end of discovery to claim it should be entitled to a greater universe of revenue/profit information. In a similar vein, the Government was aware that Cabble, whom it now seeks to depose, might have relevant information (i) as early as six years ago when her role was disclosed during the pre-suit investigation; (ii) again in June 2017, when she was disclosed at that time in the Rule 26 disclosures; and (iii) yet again when she was mentioned during a February 2018 deposition. The Government's lethargy in seeking the Court's involvement remains a mystery. "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196 (E.D. Mich. 2002).

6

Because these issues were all raised after the close of discovery without good cause, the Court denies relief on each issue.

As for the documents related to the Loan Selection, the Government claims that Quicken has collected documents from third parties related to the loan files at issue but has failed to produce those documents. The Government argues that "[t]hese documents are highly relevant as they directly concern the validity of the United States' allegations," but fails to explain how or why those documents are highly relevant. Pl. Mot. at 2, PageID.7433. Because the Government has failed to adequately explain the relevance of the documents to the claims or defenses in the case, this aspect of the motion will be denied.

### III. QUICKEN'S MOTION FOR A PROTECTIVE ORDER

Also pending is Quicken's motion for a protective order (Dkt. 122) concerning certain limitations on the Government's conduct of a Rule 30(b)(6) deposition of Quicken. The Court held a status conference on August 24, 2018, during which the parties agreed that the issue had been resolved, given that the deposition at issue had already taken place under terms agreeable to both parties. Accordingly, the Court denies Quicken's motion as moot.

### IV. CONCLUSION

For these reasons, the Court orders:

- Quicken's motion to compel (Dkt. 138) is granted in part as follows:

  o The Government shall submit the documents over which it claims deliberative process and/or attorney-client privilege to chambers on or before **September 20, 2018**, and shall file a memorandum setting forth its position on the documents by the same date.

  o The motion is granted as it relates to a 30(b)(6) deposition on facts constituting the supposed misconduct.

  o The motion is denied as it relates to a 30(b)(6) deposition on damages and the BLI.

- The Government's motion to compel (Dkt. 139) is granted in part as follows:

  o The Government's request to depose Dan Gilbert for an additional hour at Government counsel's office in Washington, D.C. is granted.

  o The Government's request for additional access to the AMP system is granted. The Government is entitled for an additional 60 hours of access to the system.

  o The Government's motion is denied in all other respects.

- Quicken's motion for a protective order (Dkt. 122) is denied as moot.

SO ORDERED.

Dated: September 12, 2018  s/Mark A. Goldsmith
      Detroit, Michigan  MARK A. GOLDSMITH
                        United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2018.

                                      s/Karri Sandusky
                                      Case Manager