UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

QUICKEN LOANS, INC.,

        Defendant.
_____/

Case No. 16-cv-14050

HON. MARK A. GOLDSMITH

**ORDER DENYING QUICKEN'S MOTION TO COMPEL (Dkt. 138)**

This matter is before the Court on Defendant Quicken Loans' motion to compel witness testimony and documents. On September 12, 2018, the Court issued an order requiring the Government to submit, for in camera review, the documents for which it is claiming deliberative-process and/or attorney-client privilege. See 9/12/2018 Order at 2, PageID.8032 (Dkt. 152). The Government submitted these documents, along with a memorandum regarding those documents, on September 20, 2018. The Court has reviewed those documents, and denies Quicken's motion for the reasons that follow.

Quicken first requests documents concerning Mortagagee Letter 2009-28, which it argues established new policy regarding value appeals after Quicken had already stopped the practice. The Government claims deliberative process privilege. "The deliberative process privilege protects from discovery 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" E.E.O.C. v. Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d 603, 606 (W.D. Tenn. 2009) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975)). "The primary purpose served by the deliberative process privilege is to encourage candid communications

1

between subordinates and superiors." Schell v. U.S. Dep't of Health & Human Servs., 843 F.2d 933, 939 (6th Cir. 1988).  To fall within the privilege, the information must be both (i) pre-decisional and (ii) deliberative.  Id. at 940.  The Government has submitted draft letters from nine different moments in time.  Each set of drafts contains substantive differences from the final letter and were clearly a part of the deliberative process in forming a final policy.  Quicken's argument that previous drafts of the letter might have used different language in describing the policy is unavailing.  The deliberative process privilege exists to encourage candid communication and protect preliminary documents from disclosure and dissection, see Burlington N. & Santa Fe Ry. Co., 621 F. Supp. 2d at 606; if an initial draft of the letter was then changed to reflect suggested changes to an adopted or contemplated policy, the privilege is meant to protect precisely those communications.  Accordingly, the Court finds that these draft documents are covered by the deliberative process privilege.

   The Government also submitted four email chains with correspondence between HUD employees.  These emails all pertain to edits of the mortgagee letter or discuss substantive policy concerns or the finalization process of the letter.  These email chains are all pre-decisional and relate to the deliberative process.  These documents are covered by the deliberative process privilege.

   Quicken has also requested that the Government turn over twelve other documents, which the Government contends are irrelevant to Mortgagee Letter 2008-29.  Two of the documents are drafts of a separate mortgagee letter, Mortgagee Letter 09-30, while the other ten are email chains pertaining to other non-related government programs and legislation.  Because the Court agrees that these documents are not relevant to the current dispute over Mortgagee Letter 2008-29, it denies those aspects of Quicken's motion.

For these reasons, the Court denies Quicken's motion to compel witness testimony and documents (Dkt. 138).

SO ORDERED.

Dated:  October 10, 2018           s/Mark A. Goldsmith
        Detroit, Michigan          MARK A. GOLDSMITH
                                   United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 10, 2018.

                                   s/Karri Sandusky
                                   Case Manager