UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                               Case No. 16-cv-14050

v.

                               HON. MARK A. GOLDSMITH

QUICKEN LOANS, INC.,

       Defendant.

_____/

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**
**(Dkt. 165)**

This matter is before the Court on the Government's motion for a protective order (Dkt. 165), to protect against disclosure of certain materials sought by Defendant Quicken Loans related to two Government experts, Dawn Molitor-Gennrich and Julie Shaffer. For the following reasons, the Court grants the motion.

First, regarding Molitor-Gennrich, Quicken seeks "the raw material she started her work with," which Quicken claims includes "documents and summaries gathered or created by four independent contractors about the 35 appraisals she was eventually to pass judgment on." Def. Resp. at 4-5 (Dkt. 166). The Government argues that Molitor-Gennrich has not failed to produce any work papers; that she only deleted duplicates of maps and images from the files in questions; and that she did not, in forming her testimonial opinions, rely on any information beyond that which has already been provided. Pl. Mot. at 4-5 (Dkt. 165). Quicken responds that it is entitled to see and question Molitor-Gennrich "about all factual information she considered for the 35 loans discussed in her report." Def. Resp. at 5.

1

The Court grants the motion as to Molitor-Gennrich.  She stated in her declaration that she has no workpapers or materials relied on for her testimonial opinions that were not attached to her amended expert report, and that she only deleted duplicate maps and images from the reports that she considered in forming her opinion.  See Molitor-Gennrich Decl., Ex. 4 to Pl. Mot., ¶¶ 6-8 (Dkt. 165-4).  Quicken has provided no reason to doubt the accuracy and veracity of her statements.  Therefore, the Court accepts them and grants this aspect of the motion.

As for Shaffer, Quicken purports to seek her "notes" and those of her staff in preparing Shaffer's expert opinion regarding certain loans.  Def. Resp. at 2.  But Shaffer does not refer to any notes in her deposition. She used the term "work papers," which Quicken claims is something different from the loan origination files that were reviewed and the initial write-ups of Shaffer's staff.  Def. Resp. at 3.  Shaffer, however, says what she meant by "work papers" was just that plus her ultimate report.  See Shaffer Decl., Ex. 5 to Pl. Mot., ¶ 3 (Dkt. 165-5). Having reviewed the deposition transcript excerpts, the Court concludes that Shaffer's explanation is plausible, given that (i) Quicken's counsel did not elicit a definition of work papers from Shaffer at the deposition, and (ii) Shaffer did not make any clear statement that there existed papers beyond what she later delineated with greater specificity in her declaration.  Thus, Quicken's request is properly understood as being limited to the initial writeups of Shaffer and her staff.

With the amendment of Federal Rule of Civil Procedure 26 in 2010, greater protection was afforded documents generated by experts, at least to the extent that they are drafts of reports.  See Fed. R. Civ. P. 26(b)(4)(B) ("Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded."); see also Republic of Ecuador v. Bjorkman, No. 11-01470, 2013 WL 50430 (D. Colo. Jan. 3, 2013) ("[A]ctual drafts of expert reports, whether authored by Bjorkman or his co-authors or staff, are

protected and need not be produced."). While "notes" of an expert do not generally enjoy work product protection, Wenk v. O'Reilly, No. 12-474, 2014 WL 1121920 at *4 (S.D. Ohio March 20, 2014), and factual matters such as results of tests performed by the expert's staff contained in pre-final report analyses are also generally discoverable, Natural Resources Defense Council, Inc. v. Illinois Power Resources Generating, LLC, No. 13-1181, 2018 WL 3414319 (C.D. Ill. July 13, 2018), drafts of reports, authored by the expert or the expert's staff, remain protected.

Shaffer characterizes the documents that Quicken requests as "drafts of the write-ups generated by my team and me." Shaffer Decl. ¶ 3. Without more in the record, these would appear to be drafts for the expert report. There is nothing in the record to suggest that these drafts contain the kind of factual matter, such as expert-staff testing results, that might be discoverable. Without any countervailing facts, the Court finds that these documents are protectible from discovery.

For these reasons, the Government's motion is granted.

SO ORDERED.

Dated: November 19, 2018                          s/Mark A. Goldsmith
     Detroit, Michigan                          MARK A. GOLDSMITH
                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 19, 2018.

                                        s/Karri Sandusky
                                        Case Manager