UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

QUICKEN LOANS, INC.,

       Defendant.
_____/

Case No. 16-cv-14050

HON. MARK A. GOLDSMITH

**ORDER FOR SUBMISSION OF PROPOSED JOINT FINAL PRETRIAL ORDER, PROPOSED JURY INSTRUCTIONS, AND OTHER TRIAL MATERIALS**

The parties shall abide by the following requirements regarding trial materials:

1. The proposed joint final pretrial order (JFPO) must be submitted to chambers in hard copy and through the document utilities feature of CM/ECF no later than May 22, 2019.

2. In lieu of the requirements set out in E.D. Mich. LR 16.2(b), the Court imposes the following requirements:

    a. The proposed JFPO shall not be a vehicle for adding claims or defenses.

    b. Counsel for all parties are directed to confer in person (face-to-face) sufficiently in advance of the scheduled conference date in order to reach any possible stipulations narrowing the issues of law and fact and to discuss non-stipulated issues. It shall be the duty of Plaintiff's counsel to initiate that meeting and the duty of opposing counsel to respond to Plaintiff's counsel and to offer full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be counsel's duty to communicate with the Court.

    c. Plaintiff's counsel is responsible for submitting the proposed JFPO to chambers after receiving proposed language from opposing counsel and reconciling the parties' respective positions.

    d. If there are any pending motions requiring determination in advance of trial, they should be called to the Court's attention not later than the date of submission of the proposed JFPO.

    e. The proposed JFPO must provide for the signature of the Court, which, when signed, will become the order of the Court.

    f. The proposed JFPO shall contain the following:

i. <u>Jurisdiction</u>: The parties shall state the basis for federal court jurisdiction and whether jurisdiction is contested by any party.

ii. <u>Trial</u>: The parties shall state whether the case will be tried to a jury or to the Court, and the estimated length of trial in terms of number of half-days (8:30 a.m. to 1:00 p.m.).

iii. <u>Statement of Claims and Defenses</u>: Each claim for affirmative relief must be separately stated. As to each claim, the proposed JFPO must state: (i) the elements of the claim; (ii) the principal facts in support of the claim, both as to liability and damages, indicating whether the fact is contested or uncontested; (iii) the controlling or most appropriate legal authority in support of every element of the claim; (iv) the elements of every defense to the claim; (v) the principal facts in support of the defense, both as to liability and damages, indicating whether the fact is contested or uncontested; (vi) the controlling or most appropriate legal authority in support of every element of the defense; and (vii) each party's calculation of damages.

iv. <u>Lay Witnesses</u>: The parties shall set forth the name, address, and telephone number of every lay witness whom each party will call or may call to testify, including rebuttal witnesses unless the rebuttal witnesses' testimony could not be reasonably anticipated before trial. Absent good cause, only those witnesses who are listed will be permitted to testify. Generic categories of witnesses are not permitted. **<u>The subject matter of every witness' testimony shall be set forth with particularity, indicating the specific factual issues about which the witness will testify.</u>**

v. <u>Expert Witnesses</u>: The parties shall set forth the name, address, telephone number, and area of expertise of every expert witness whom each party will call or may call to testify, including rebuttal expert witnesses unless the rebuttal witnesses' testimony could not be reasonably anticipated before trial. Absent good cause, only those witnesses who are listed will be permitted to testify. **<u>In addition, the expert's opinions must be set forth with particularity. Incorporation by reference of a deposition transcript is not sufficient.</u>**

vi. <u>All Witnesses</u>: Only witnesses listed in the proposed JFPO will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

vii. <u>Depositions</u>: All de bene esse depositions to be used at trial shall be listed. Unless a prior order sets an earlier date, all such depositions, both as to lay and expert witnesses, must be concluded no later than 21 days before the due date for motions in limine. A party who intends to present at trial a de bene esse deposition must provide to the opposing party a copy of the deposition, indicating the specific pages and lines to be presented, at least

14 days before the due date for filing motions in limine. The parties shall confer as to any objections. If not resolved, objections must be set forth in a motion filed not later than the due date for motions in limine, which motion shall be allowed in addition to the one motion in limine permitted each party. Any such motion and response may not exceed 25 pages. No such motion may be used to raise an issue regarding expert testimony that should have been the subject of an earlier and timely motion to limit or exclude expert testimony. The proposed JFPO must indicate whether any motion regarding objections to depositions is pending. Any objection to a de bene esse deposition not made the subject of a timely motion shall be deemed waived.

viii. <u>Exhibits</u>:

A. Proposed exhibits must be exchanged by the parties at least 14 days before the due date for filing motions in limine. The parties shall confer as to any objections. If not resolved, objections must be set forth in a motion filed not later than the due date for motions in limine, which motion shall be allowed in addition to the one motion in limine permitted each party. Any such motion and response may not exceed 25 pages. The motion must attach the proposed exhibits to which objections are made. The JFPO must indicate whether any such motion is pending. Any objection to a proposed exhibit not made the subject of a timely motion shall be deemed waived.

B. The parties shall include in the proposed JFPO a list of all exhibits that each party will or may offer in evidence using a numbering and/or lettering system that will allow identification of the offering party. The list must set forth the exhibit number or letter, date, description of document , and whether it is subject to an objection set forth in a timely filed motion. Absent good cause, only those exhibits that have been listed in the proposed JFPO may be offered into evidence, except for rebuttal exhibits that could not be reasonably anticipated before trial.

C. A separate binder containing each party's full set of proposed exhibits, displaying exhibit numbers or letters, must be submitted to the Court by each party at least two business days before the first day of trial. The outside cover and spine of each binder must identify the case, case number, and party offering the exhibits. Counsel are required to keep track and maintain custody of all admitted exhibits during trial. The parties must also submit with the binders a single exhibit list, identifying separately each party's exhibits, and setting forth the exhibit number or letter, date, description of document, a one-half inch column marked "Admitted?" and a two-inch column marked "Notes."

ix. <u>Evidentiary Issues</u>: The parties shall identify any evidentiary issues likely to arise at trial that are not the subject of a pending motion. The parties shall

      also set forth the claimed good cause for why these evidentiary issues were not the subject of a timely motion in limine.

g. Other items to be submitted at the same time as the JFPO:

    i. <u>Jury Instructions/Verdict Form</u>: At the time the proposed JFPO is submitted to chambers, the parties shall file on the docket a joint set of agreed instructions. They shall also file a joint document regarding instructions as to which there is no stipulation. The latter document must contain a certification by counsel for each party that a concerted, good faith effort was undertaken to narrow the areas of dispute and attempt to reach agreement. It shall contain a separate section for disputed instructions proposed by each party (which instructions shall be attached as exhibits). As to each instruction, there shall be a statement by each party, not exceeding two pages, setting forth that party's arguments and authorities in support of or opposition to the instruction. The parties shall also file a proposed stipulated verdict form if stipulation can be reached; if not, the same procedures set forth above for disputed jury instructions shall apply to any disputes regarding the verdict form. The instructions and verdict form shall be in Word format.

    ii. <u>Statement of Claims and Defenses to be Read to Potential Jurors</u>: Counsel shall submit a stipulated statement that the Court may utilize in explaining the general nature of the case to potential jurors during voir dire. The statement must be entirely neutral and may not exceed 100 words.

    iii. <u>Voir Dire</u>: A list of agreed-upon and disputed voir dire questions must be jointly submitted to chambers in hard copy at the same time as the JFPO. For each disputed voir dire question, the parties shall set forth their respective arguments/authority against/in favor of the question.

h. For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

SO ORDERED.

Dated: March 15, 2019                          s/Mark A. Goldsmith
     Detroit, Michigan                     MARK A. GOLDSMITH
                                           United States District Judge