UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Civil Action No.<br>2:16-cv-14050 (MAG) (RSW)<br><br>District Judge:<br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge:<br>Hon. R. Steven Whalen |

**UNITED STATES' RESPONSE TO THE COURT'S
ORDER REGARDING SEALED DOCUMENTS**

Pursuant to the Court's December 21, 2020 Order Regarding Sealed Documents (ECF No. 364) and the Court's subsequent orders (ECF Nos. 366, 368), the United States respectfully submits there is good cause for the Court to maintain a portion of the seal of ECF Nos. 176-186, 188-288, 292-347, and 350-355, in particular to protect non-parties' sensitive financial and other personal information in the records.

The United States understands from conferring telephonically with Quicken Loans Inc. (Quicken) on January 7 and 8, 2021 that Quicken intends to file objections based on jurisdiction and the burden on the parties required to identify and redact individual documents for unsealing.  The United States opposes both of those objections.  The United States agrees that the time and workload for the parties to complete redactions of the voluminous records will be substantial but recognizes and supports the strong public interest in the openness of court records and judicial proceedings.  *See* 28 C.F.R. § 50.9(b) ("A Government attorney has a compelling duty to protect the societal interest in open proceedings.").

To maintain an orderly process and minimize the burden on the parties, the United States therefore requests that the Court rule on any blanket objection from Quicken to unsealing the records, and, if that objection is not sustained, allow the parties 90 days to identify and move to seal particular documents, or portions thereof, with the specific analysis and supporting materials required by Local Rule 5.3.  The

1

United States also respectfully requests that the Court order the parties to exchange their respective proposed redactions at least 45 days before the due date for filing motions to seal so that the parties may meet and confer.

The United States expects to move for sealing of its loan exhibits, L1 to L45 at ECF Nos. 286-288, in their entirety to protect non-parties' sensitive financial and other personal information and intends to move for sealing in part of its other filings so that they may be redacted largely for that same purpose. The United States understands Quicken intends to similarly redact sensitive personal information in all of its filings and may also pursue other redactions. The United States submits a proposed order with this filing to allow an orderly procedure for that to occur.

## DISCUSSION

In February and March 2019, in connection with motions for summary judgment and motions to limit or exclude expert testimony, the United States and Quicken filed briefing and exhibits under a provisional seal pursuant to the Court's Order Regarding Scheduling (ECF No. 175). The case settled in June 2019 prior to adjudication of the motions, and the action was dismissed with prejudice on June 14, 2019 (ECF No. 363). In the underlying action, the United States alleged that Quicken knowingly submitted, or caused to be submitted, false or fraudulent claims for payment of insurance benefits by the U.S. Department of Housing and Urban Development's (HUD) Federal Housing Administration (FHA) when certain FHA-

insured loans defaulted.  As the alleged conduct centered on mortgages that the United States contended did not meet FHA underwriting requirements, many of the documents at issue in the litigation concern specific loans, specific borrowers, loan underwriting documentation, and the respective mortgagors' financial and personal circumstances.  Non-parties' sensitive personal information is also present in internal Quicken emails and documents, transcripts of testimony, expert reports and disclosures, and correspondence between HUD and Quicken that were cited in support of the parties' motions.  The United States therefore intends to move for an order maintaining the seal as to the United States' previous filings that contain such information and to file redacted versions with that information redacted.  *See generally* Fed. R. Civ. P. 5.2; 5 U.S.C. § 552a; *see also Hamama v. Adducci*, No. 17-cv-11910, 2018 U.S. Dist. LEXIS 181488, at *22 (E.D. Mich. Oct. 23, 2018) (Goldsmith, J.).

For one category of the United States' exhibits, the loan exhibits (L1 to L45 at ECF Nos. 286-288), the United States intends to move for an order sealing the filings in whole because the documents are replete with sensitive financial and other personal information about individual borrowers, and, in some cases, the borrowers' non-borrowing spouses and other family members.  The United States also anticipates seeking the sealing of portions of its other filings to protect sensitive personal information in the record and anticipates supporting redactions by Quicken

for that same purpose.  The United States may also propose additional limited redactions to protect HUD's enforcement interests and may support Quicken in proposing redaction of information that Quicken establishes qualifies for trade secret protection.

The United States opposes any blanket request for continued sealing of the record in this case, as there is "a 'strong presumption in favor of openness' as to court records[,]" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)), *cited in United States v. Fazzi Assocs., Inc.*, No. 19-4240, 2020 U.S. App. LEXIS 38152, at *1 (6th Cir. Dec. 7, 2020), and a party seeking to overcome that presumption bears a heavy burden, as "[o]nly the most compelling reasons can justify non-disclosure of judicial records[,]" *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)) (internal quotation marks omitted).  The United States also does not contest the Court's jurisdiction to manage its docket by unsealing documents that ought not to remain sealed.

## CONCLUSION

The United States respectfully requests that the Court order the parties to file motions to seal pursuant to Local Rule 5.3 within 90 days of the issuance of its order ruling on Quicken's blanket objections to unsealing the Court record and that it

further order the parties to exchange proposed redactions at least 45 days before the due date for filing motions to seal.  The United States further requests that the Court maintain the seal on the records (ECF Nos. 176-186, 188-288, 292-347, and 350-355) and sets forth in the enclosed proposed order a proposed procedure for re-filing of the records sought to be sealed in part and records that are not to be sealed.  The parties concur on a 90-day time frame to file motions to seal, but at this time Quicken does not otherwise agree with the United States' proposed procedure and has not proposed an alternative.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

MATTHEW J. SCHNEIDER
United States Attorney

*s/Peter A. Caplan*
PETER A. CAPLAN
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9784
Peter.Caplan@usdoj.gov

JAMIE ANN YAVELBERG
SARA MCLEAN
HARIN C. SONG
ANDREW JACO
U.S. Department of Justice
Commercial Litigation Branch
Fraud Section

Post Office Box 261
Ben Franklin Station
Washington, DC 20044
(202) 307-6971
Harin.C.Song@usdoj.gov

Dated: January 26, 2021                    *Attorneys for the United States of America*

**<u>Local Rule Certification</u>**

I hereby certify that the foregoing complies with Local Rule 5.1(a), including:

double-spaced (except for quoted materials and footnotes); at least one-inch margins

on the top, sides, and bottom; consecutive page numbering; and type size of all text

and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional

fonts) or 14 point (for proportional fonts).

*s/Peter A. Caplan*
PETER A. CAPLAN
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9784

<u>**Certificate of Service**</u>

I hereby certify that on January 26, 2021, a copy of the foregoing was served by electronic means via the Court's CM/ECF System on all counsel registered to receive electronic notices.

                                        *s/Peter A. Caplan*
                                        _____
                                        PETER A. CAPLAN
                                        Assistant United States Attorney
                                        211 W. Fort St., Suite 2001
                                        Detroit, MI 48226
                                        (313) 226-9784