# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**QUICKEN LOANS INC.,**<br><br>*Defendant.* | Civil Action No.<br>16-CV-14050<br><br>District Judge:<br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge:<br>Hon. R. Steven Whalen |

**BRIEF OF GWEN THROWER AS *AMICUS CURIAE* AS TO THE ORDER REGARDING SEALED DOCUMENTS**

**THOMAS & SOLOMON LLP**
*Attorneys for Gwen Thrower*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel: Conor T. Tallet, Esq.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

STATEMENT OF COMPLIANCE WITH FED. R. APP. P. 29(A)(4) ..................... 1

INTEREST OF AMICUS CURIAE ............................................................................. 1

ARGUMENT ................................................................................................................ 1

I.    The parties waived their right to have documents remain under seal by failing to seek relief by the Court's previously ordered deadline. ................... 1

II.   This Court has jurisdiction to adjudicate the sealing issue, even after settlement and dismissal of the action. ........................................................... 3

III.  The blanket sealing that Quicken seeks is unwarranted given the presumption of public access to court records and significant public interest in this case. ........................................................................................................ 5

IV.  To the extent the Court permits redacted documents to be filed under seal, the proposed conferral process should be modified. ...................................... 9

CONCLUSION ........................................................................................................... 10

LOCAL RULE CERTIFICATION ............................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Baxter Int'l v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002) ............................6

*Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009).........................................................4

*Bradley v. Ackal*, 954 F.3d 216 (5th Cir. 2020)..........................................................3

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983)......6, 9

*Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) ..........................................................6

*FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641 (8th Cir. 2014) .........................3

*In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019) ........................7

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978).............................................4

*Quicken Loans Inc. v. United States*, No. 15-cv-11408, Dkt. No. 1 (E.D. Mich. Apr. 17, 2015)................................................................................................8

*Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016) .............................................................................................................9

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016)4, 5, 6, 9

*Tilmon-Jones v. Bridgeport Music*, No. 11-cv-13002, 2013 WL 3279168 (E.D. Mich. June 4, 2013) ......................................................................................4

*U.S. ex rel. Mahmood v. Elizabethtown Hematology Oncology, PLC*, No. 11-cv-376, 2015 WL 6870140 (W.D. Ky. Nov. 6, 2015).............................................5, 6

*United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013) ........................................3

*United States, ex rel. Thrower v. Academy Mortgage Corporation*, No. 16-cv-2120 (N.D. Cal.)..................................................................................................1

**Other Authorities**

Ben Lane, *Quicken Loans CEO: The FHA Has Been Hijacked by the Department of Justice*, HousingWire (June 2, 2015), https://www.housingwire.com/articles/34073-quicken-loans-ceo-the-fha-has-been-hijacked-by-the-department-of-justice/. ........................................................7

Buckley, Recent False Claims Act & FIRREA Suits, Settlements, and Decisions Involving Financial Institutions, https://buckleyfirm.com/sites/default/files/Updated-210113-Recent-FIRREA-Cases-Buckley-LLP.pdf (last visited Feb. 16, 2021) (identifying approximately 33 recent FHA False Claims Act settlements)........................................................8

Evan Weinberger, *Quicken Loans Atty Says DOJ Lending Crusade Went Too Far*, Law360 (Mar. 4, 2015), https://www.crowell.com/files/Quicken-Loan-Attorney-Says-DOJ-Lending-Crusade-Went-Too-Far.pdf. ...................................................7

Jennifer Surane, *Quicken Loans Founder Accuses DOJ of Shakedown in Mortgage Fight*, Bloomberg (Jan. 9, 2017), https://www.bloomberg.com/news/articles/2017-01-09/quicken-loans-founder-accuses-doj-of-shakedown-in-mortgage-fight. ........................................................7

*Quicken Loans Statement Related to the Ongoing Litigation with the DOJ and HUD*, Quicken Loans (Apr. 23, 2015), https://www.quickenloans.com/press-room/2015/04/23/quicken-loans-statement-related-to-the-ongoing-litigation-with-the-doj/..................................................................................................7, 8

**Rules**

E.D. MICH. L.R. 5.3................................................................................................10

E.D. MICH. L.R. 5.3(b)..............................................................................................2

FED. R. APP. P. 29(a)(4) ...........................................................................................1

FED. R. CIV. P. 5.2(a)(1)-(4).....................................................................................9

## STATEMENT OF COMPLIANCE WITH FED. R. APP. P. 29(A)(4)

No party or party's counsel authored this brief in whole or in part; no party's or party's counsel contributed money to fund the preparation or submission of this brief; and no person except *amicus curiae*, and her counsel contributed money to fund the preparation or submission of this brief.

## INTEREST OF AMICUS CURIAE

Gwen Thrower is a United States citizen and taxpayer. Additionally, Ms. Thrower is the relator in a similar False Claims Act case involving FHA mortgage fraud against another large lender that is currently pending. *See United States, ex rel. Thrower v. Academy Mortgage Corporation*, No. 16-cv-2120 (N.D. Cal.). Ms. Thrower therefore has an interest in the litigation record in this case regarding the evidence and arguments advanced by the parties in similar litigation. In fact, some of the factual information and arguments by the parties in the record may be of direct relevance in her case. Ms. Thrower is filing this brief pursuant to the Court's January 29, 2021 Order. Dkt No. 371.

## ARGUMENT

**I.  The parties waived their right to have documents remain under seal by failing to seek relief by the Court's previously ordered deadline.**

As an initial matter, this Court need not even consider the current briefing regarding the unsealing of the documents. Under the Court's previous Order, the

1

documents at issue are no longer to be sealed and the *amicus* simply seek enforcement of that Order.[1]

The Court previously ordered, on six different occasions, that the summary judgment and expert motions, briefing, evidentiary submissions and materials would be filed **provisionally** under seal, but that by a date certain, "[t]he parties shall seek relief pursuant to L.R. 5.3(b). . . in order to request the Court maintain any portion under seal." *See* Dkt. Nos. 175, 357, 359, 360, 361, 362.

The last of the provisional seals was entered via this Court's June 3, 2019 Order and expired on June 18, 2019. *See* Dkt. No. 362. The parties, represented by sophisticated counsel and a large number of attorneys that have filed appearances in this action, for whatever reason, decided not to request that any of the material remain under seal past June 18, 2019. Quicken concedes that it knows this Court's requirements for sealing documents and, at the very least, redactions to the documents filed under seal were required. *See* Quicken Br., Dkt. No. 370, at 22-23. Because the parties chose not to ask for any of the documents to remain under seal, this Court's June 3, 2019 Order (Dkt. No. 362) mandates that the documents should

---

[1] In its December 21, 2020 Order, the Court stated it intended to unseal the summary judgment record unless the parties objected that there was good cause not to do so. Dkt. No. 364. There cannot be good cause because the parties failed to do so by the June 18, 2019 deadline.

no longer under seal. Therefore, the *amicus* simply seeks to enforce this Court's Order.

**II.   This Court has jurisdiction to adjudicate the sealing issue, even after settlement and dismissal of the action.**

Instead of explaining this Court's multiple orders that require the unsealing of these documents after June 18, 2019, Quicken argues that the Court lacks jurisdiction to adjudicate sealing issues raised after dismissal. This is incorrect and the law is clear that this Court still maintains jurisdiction to adjudicate issues pertaining to sealed documents.[2]

It is well-established that the dismissal of an action does not divest a district court of jurisdiction to adjudicate issues pertaining to sealed documents. *See, e.g.*, *Bradley v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (rejecting argument that magistrate judge lacked authority to vacate sealing order after the case had been dismissed); *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) (holding "the district court was permitted to consider whether to unseal the record despite [plaintiff's] filing of a notice of appeal . . . challenging the grant of summary judgment to [defendant]"); *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("Once a court orders documents before it sealed, the court continues to have

---

[2]   The United States takes the same view as *amicus* here that the Court has jurisdiction "to manage its docket by unsealing documents that ought not to remain sealed." *See* Dkt. No. 369, at 4.

3

authority to enforce its order sealing those documents, as well as authority to loosen or eliminate any restrictions on the sealed documents . . . even if the case in which the documents were sealed has ended.") (citations omitted). The Sixth Circuit has also emphasized that there is no such deadline whatsoever for a party to seek unsealing of court records because "an argument against sealing [is not] the kind of argument that can be waived." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016) (noting "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

The cases cited by Quicken are inapposite. None of the cases cited by Quicken involve the issue of a district court's jurisdiction to unseal documents after the dismissal of an action. *See* Dkt. No. 370.[3] In fact, just the opposite is true: courts in this circuit routinely adjudicate the unsealing of documents after the final disposition of the case. *See, e.g.*, *Tilmon-Jones v. Bridgeport Music*, No. 11-cv-13002, 2013 WL 3279168 (E.D. Mich. June 4, 2013) (unsealing documents after almost one year after granting motion to dismiss); *U.S. ex rel. Mahmood v. Elizabethtown Hematology*

---

[3] The only case cited by Quicken in its jurisdictional section referencing the sealing of documents whatsoever is *Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). There, the Seventh Circuit expressly articulated that "a court may have inherent authority to modify a protective order sealing documents maintained in the court file" after dismissal. *Id.* at 1079 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ("[e]very court has supervisory power over its own records and files")). As such, Quicken fails to cite a single case demonstrating that a Court lacks jurisdiction to resolve issues related to the sealing of documents even after an action has been dismissed.

4

*Oncology, PLC*, No. 11-cv-376, 2015 WL 6870140 (W.D. Ky. Nov. 6, 2015) (unsealing documents in False Claims Act action over one year after the case had settled and closed).[4]

Accordingly, this Court has jurisdiction to adjudicate this issue.

### III. The blanket sealing that Quicken seeks is unwarranted given the presumption of public access to court records and significant public interest in this case.

Quicken, and Quicken alone,[5] seeks a blanket request for continued sealing of the entire summary judgment record in this case, ignoring the strong presumption of favor of open court records by arguing that there is no public interest in this case. First, the filing of this brief alone shows that there is public interest in this case. Second, there has been extensive local and nationwide media attention on this this action and its settlement. The settlement of this action itself raised such issues, including the absence of a publicly disclosed settlement agreement, which is at odds with multiple other False Claims Act settlements involving FHA mortgage fraud.

The Sixth Circuit has found that there is a "strong presumption" in favor of open court records and against record-sealing. *Shane Grp.*, 825 F.3d at 305 (quoting

---

[4] Further, if Quicken's argument was adopted, then Quicken would have no basis to now argue that Court has jurisdiction to modify its June 3, 2019 Order which required the documents to be unsealed.

[5] As noted in its brief, the United States disagrees with Quicken and "recognizes and supports the strong public interest in the openness of court records and judicial proceedings." *See* Dkt. No. 369, at 1.

5

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The burden borne by a party seeking to seal court records is therefore "a heavy one," and is satisfied only by "the most compelling reasons." *Id*. This burden grows with the public interest in the litigation: "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1179). This is particularly true in False Claims Act cases, where the taxpayers are the real parties in interest. *Mahmood*, 2015 WL 6870140, at *3 ("[T]he taxpaying public are, in effect, real parties in interest to False Claims Act [] actions, which strengthens the case for public access to the documents in such actions.").

Additionally, the Sixth Circuit has drawn a clear line between discovery materials that are not filed with the court, and documents that have been placed in the court record. *Shane Grp.*, 825 F.3d at 305. That line "is crossed when the parties place material in the court record[,]" and thereafter, "[t]he public has a strong interest in obtaining the information contained in the court record." *Id*. (citing *Baxter Int'l v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002); *Brown & Williamson*, 710 F.2d at 1180). *See also Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019) ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."). This applies to not only the motions themselves,

6

but to exhibits accompanying the parties' filings as well. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019).

Here, the significant public interest in this case is evidenced, at the very least, by the instant *amicus curiae* brief. However, the public interest extends far beyond Ms. Thrower's brief. This is one of the most highly publicized False Claims Act enforcement actions brought by the Department of Justice in recent times. There has been extensive coverage of this lawsuit across numerous media outlets—largely stemming from Quicken's contentions that the government's investigation and lawsuit was a "witch-hunt" or shakedown "riddled with inaccurate and twisted conclusions[.]"[6] Quicken went as far to file its own action against the United States immediately before the United States filed this action. Indeed, by Quicken's own admission, the public has a particularly strong interest in this action because "[t]he

---

[6] *See, e.g.*, *Quicken Loans Statement Related to the Ongoing Litigation with the DOJ and HUD*, Quicken Loans (Apr. 23, 2015), https://www.quickenloans.com/press-room/2015/04/23/quicken-loans-statement-related-to-the-ongoing-litigation-with-the-doj/; Jennifer Surane, *Quicken Loans Founder Accuses DOJ of Shakedown in Mortgage Fight*, Bloomberg (Jan. 9, 2017), https://www.bloomberg.com/news/articles/2017-01-09/quicken-loans-founder-accuses-doj-of-shakedown-in-mortgage-fight; Ben Lane, *Quicken Loans CEO: The FHA Has Been Hijacked by the Department of Justice*, HousingWire (June 2, 2015), https://www.housingwire.com/articles/34073-quicken-loans-ceo-the-fha-has-been-hijacked-by-the-department-of-justice/; Evan Weinberger, *Quicken Loans Atty Says DOJ Lending Crusade Went Too Far*, Law360 (Mar. 4, 2015), https://www.crowell.com/files/Quicken-Loan-Attorney-Says-DOJ-Lending-Crusade-Went-Too-Far.pdf.

7

real victims in [the government's] unjust claim are the millions of middle class American families who rely on FHA financing to reach their goal of affordable home ownership." *See Quicken Loans Statement Related to the Ongoing Litigation with the DOJ and HUD*, *supra* n.5.

There is still little known to the public about the underlying facts of this action and subsequent settlement for a fraction of the "nine- and ten-figure sums" for which Quicken has identified other, comparable lenders have settled similar FHA loan disputes. *Quicken Loans Inc. v. United States*, No. 15-cv-11408, Dkt. No. 1, at ¶ 12 (E.D. Mich. Apr. 17, 2015). In fact, this appears to be the ***only*** False Claims Act settlement involving FHA loan originations where there has been no DOJ press release, consent judgment, stipulation, or copy of the settlement agreement made available to the public.[7]

Quicken has long contended that this litigation was overzealous prosecution by the government. Crossing the line into the public record, the parties' summary judgment briefing, containing over 500 exhibits, certainly would shed light on the truth. The public has a right to review the evidence that each side compiled for summary judgment and draw its own conclusions. Certainly, if Quickens' lending

---

[7] *See* Buckley, Recent False Claims Act & FIRREA Suits, Settlements, and Decisions Involving Financial Institutions, https://buckleyfirm.com/sites/default/files/Updated-210113-Recent-FIRREA-Cases-Buckley-LLP.pdf (last visited Feb. 16, 2021) (identifying approximately 33 recent FHA False Claims Act settlements).

practices are as clean and pristine as it contends, it has nothing to hide from the public.

Therefore, this Court should reject Quicken's request for a blanket sealing of this action given the presumption of open courts and overwhelming public interest in this case, something Quicken itself fanned without concern.

**IV.  To the extent the Court permits redacted documents to be filed under seal, the proposed conferral process should be modified.**

Ms. Thrower recognizes, as both the United States and Quicken articulate in their responses, a privacy interest in keeping personal identifiable information ("PII") under seal, such as social security numbers, tax-identification numbers, the year of an individual's birth, a minor's initials, and financial account numbers. *See* Fed. R. Civ. P. 5.2(a)(1)-(4). However, the mere inclusion of this type of information does not warrant wholesale sealing on every single document and such redactions need to be narrowly tailored to just PII.[8] (Even if the Court concludes that the parties' failure to move to seal the documents by June 18, 2019 means the documents are

---

[8]  Quicken also argues that its "confidential business information" should remain sealed. Quicken improperly conflates run of the mill "confidential information" with true trade secrets. Only "legitimate trade secrets" meet the standard for sealing. *Shane Grp.*, 825 F.3d at 308 (quoting *Brown & Williamson*, 710 F.2d at 1180). Mere reputational harm, or even the potential for "serious business consequences," do not meet this standard. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016).

9

unsealed, Ms. Thrower supports the redaction of all legally required PII prior to unsealing.)

To the extent that the Court finds that its Order of June 3, 2019 does not require the records to be unsealed, Ms. Thrower agrees that a conferral process regarding the redactions should be required, but disagrees that the parties should unilaterally redact the documents without any oversight. The conferral process as proposed by the parties is inadequate and should be amended in two ways. First, the Court should order the parties to file any motions to seal within 45 days of its ruling on this issue. Second, Ms. Thrower's counsel should have the opportunity for an "attorneys' eyes only" review of the materials as well to help check that all appropriate documents are being unsealed.

## CONCLUSION

For the reasons stated above, Ms. Thrower respectfully requests that the Court enforce its June 3, 2019 Order which requires the unsealing of the documents. To the extent that the Court is still inclined to allow the parties to file any further motions to seal, Ms. Thrower requests that the Court order that within 45 days after the Court issues its ruling on this issue, Ms. Thrower's counsel be provided with an "attorneys' eyes only" review of the documents and confer with the parties regarding appropriate redactions for any subsequent motions to seal in complete conformance with Local Rule 5.3.

Dated: February 19, 2021

                                      **THOMAS & SOLOMON LLP**

                          By: /s/ Conor T. Tallet, Esq.
                                  *Attorneys for Gwen Thrower*
                                  693 East Avenue
                                  Rochester, New York 14607
                                  Telephone:  (585) 272-0540
                                  ctallet@theemploymentattorneys.com

## LOCAL RULE CERTIFICATION

I hereby certify that the foregoing complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

                                          **/s/ Conor T. Tallet, Esq.**
                                          CONOR T. TALLET