UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> QUICKEN LOANS INC., <br><br> Defendant. | Civil Action No. <br> 2:16-cv-14050 (MAG) (RSW) <br><br> District Judge: <br> Hon. Mark A. Goldsmith <br><br> Magistrate Judge: <br> Hon. R. Steven Whalen |

**UNITED STATES' RESPONSE TO
<u>GWEN THROWER'S AMICUS BRIEF</u>**

Pursuant to the Court's April 1, 2021 Order Granting Motions for Leave to File Amicus Briefs (ECF No. 390) and April 7, 2021 Order Regarding Responses to Amicus Briefs (ECF No. 393), the United States respectfully submits the following response to Gwen Thrower's (Thrower) amicus brief (ECF No. 391). Although the Court has ruled that it would be assisted by hearing Thrower's position on the unsealing issue in this matter, she should not have unjustified access to others' private information or be permitted to impose excessive burdens on the parties with an unduly expedited process.

The United States objects to the modified conferring process proposed by Thrower (ECF No. 391, PageID.42453), and to Thrower or any other non-party being permitted to determine the time frame or procedure by which the parties may identify and move to seal particular documents, or portions thereof. The United States acknowledges the Court's ruling that Thrower has an interest in the unsealing of the record in this matter (ECF No. 390, PageID.42439), but objects to Thrower's involvement in the parties' redaction and meet-and-confer process as many of the documents in the record in this case contain the sensitive financial and other personal information of individual, non-party borrowers. As set forth in the United States' Response to the Court's Order Regarding Sealed Documents (ECF No. 369), the United States intends to move for sealing of its loan exhibits (L1 to L45 at ECF Nos. 286-288) in their entirety and sealing in part of its other filings in order to protect

1

sensitive personal information about non-party borrowers and their family members. ECF No. 369, PageID.42128.  Thrower, a non-party in this case and relator in a separate False Claims Act (FCA) matter currently pending in the Northern District of California, has not asserted any privacy interests of her own that are implicated by unsealing of the Court record in this matter and has established no basis for her claimed entitlement to view unredacted records that reveal the private information of others.  *See* ECF No. 391, PageID.42452-42453.

As a non-party, Thrower also should not be permitted to dictate the timing of the extensive work required of the parties to redact the record to protect non-parties' privacy interests and consistent with any other legally recognized bases for sealing. Given the substantial time and work required to complete redactions of the voluminous records and to confer thereon, the United States and Quicken Loans Inc. (Quicken) have proposed that the Court allow the parties 90 days to file motions to seal following the Court's ruling on Quicken's blanket objections to unsealing the records.  ECF No. 369, PageID.42126.  The United States further proposed that the Court order the parties to exchange their respective proposed redactions at least 45 days before the due date for filing motions to seal to provide sufficient time for the parties to confer about the proposed redactions.  *Id.*, PageID.42130.  Thrower has offered no justification for burdening the parties with the expedited process that she proposes.

2

Thrower's interest in the documents as a member of the public with a general right of access to court proceedings and records will be represented and upheld through the legal standards and procedures mandated by Sixth Circuit law and the local rules, including the requirement that "[t]he proponent of sealing . . . must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations[,]" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016) (internal quotation marks and citation omitted), and the Court's "independent duty to 'set forth specific findings and conclusions which justify nondisclosure to the public[,]'" *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (quoting *Shane Grp., Inc.*, 825 F.3d at 306). Moreover, Local Rule 5.3 does not contain any provision or comment that supports a non-party's involvement in the parties' meet-and-confer process regarding documents that a party seeks to seal, *see* LR 5.3; LR 5.3 Comments to 2018 Revisions, and Thrower has not provided any basis to modify the relevant local rule provisions.

If the Court would be assisted by further input from Thrower as an amicus as to particular redactions, it should at most permit Thrower to respond as an amicus to the parties' motions to seal under Local Rule 5.3, which must contain an index of documents proposed for sealing and detailed analysis supporting their requests to seal, and the parties should be permitted to respond within 14 days to any brief that

3

she submits. Such a process would preserve non-parties' privacy interests and allow the Court to play its proper role of adjudicating whether the documents, or portions thereof, should remain sealed or be released to Thrower and the public. *Cf. Keathley v. Grange Ins. Co. of Michigan*, No. 15-cv-11888, 2017 WL 1173767, at *2-3 (E.D. Mich. Mar. 30, 2017) (ordering defendant to submit certain documents listed on its privilege log to the court for *in camera* review to "verify (or defeat)" defendant's challenged privilege assertions).

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General
        Civil Division

        SAIMA S. MOHSIN
        Acting United States Attorney

        *s/Peter A. Caplan*
        PETER A. CAPLAN
        Assistant United States Attorney
        211 W. Fort St., Suite 2001
        Detroit, MI 48226
        (313) 226-9784
        Peter.Caplan@usdoj.gov

        JAMIE ANN YAVELBERG
        SARA MCLEAN
        HARIN C. SONG
        ANDREW JACO
        U.S. Department of Justice
        Commercial Litigation Branch
        Fraud Section
        Post Office Box 261
        Ben Franklin Station

Washington, DC 20044  
(202) 307-6971  
Harin.C.Song@usdoj.gov

Dated: April 15, 2021

*Attorneys for the United States of America*

**Local Rule Certification**

I hereby certify that the foregoing complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

      *s/Peter A. Caplan*
PETER A. CAPLAN
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9784

## Certificate of Service

I hereby certify that on April 15, 2021, a copy of the foregoing was served by electronic means via the Court's CM/ECF System on all counsel registered to receive electronic notices.

> *s/Peter A. Caplan*
> PETER A. CAPLAN
> Assistant United States Attorney
> 211 W. Fort St., Suite 2001
> Detroit, MI 48226
> (313) 226-9784