UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                    Case No. 16-14050
                                                     Hon. Mark A. Goldsmith
vs.

QUICKEN LOANS INC.,

      Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING DEFENDANT'S BLANKET OBJECTIONS TO UNSEALING
DOCUMENTS (Dkt. 370) AND (2) SETTING PROCEDURE FOR PARTIES TO
FOLLOW TO MOVE TO MAINTAIN DOCUMENTS UNDER SEAL OR REDACTED**

Although this case was dismissed pursuant to a settlement reached by the parties some two years ago, an issue has arisen regarding the sealing of documents. In February 2019, Plaintiff the United States of America and Defendant Quicken Loans Inc. filed cross motions for summary judgment (Dkts. 175–177). The briefing and exhibits filed in connection with the motions were placed provisionally under seal. See Dkts. 176–186, 188–288, 292–347, and 350–355. Originally, the parties stipulated that the provisional seal would expire on May 15, 2019 (Dkt. 357). In an order entered on June 3, 2019, the expiration date was later extended to June 18, 2019 (Dkt. 362). Before the Court made any decision as to the motions for summary judgment, the parties reached a settlement. Pursuant to a Federal Rule of Civil Procedure 41(a) stipulation, the Court dismissed the case with prejudice on June 14, 2019 (Dkt. 363).

On December 21, 2020, the Court issued an order informing the parties that the Court planned to unseal Dkts. 176–186, 188–288, 292–347, and 350–355 pursuant to the June 3, 2019 order unless objections were filed (Dkt. 364). Quicken filed a blanket objection to unsealing these

documents, arguing, primarily, that (i) the Court lacks jurisdiction to "reopen the case and adjudicate sealing issues" and (ii) strong private interests and the absence of a public interest in the sealed documents support maintaining the documents entirely under seal (Dkt. 370). The Government filed a response to the Court's order (i) stating that the Government opposes Quicken's blanket objections to unsealing the documents and (ii) requesting that the Court permit the parties an opportunity to identify and move to seal particular documents, or portions thereof, with the specific analysis and supporting materials required by Local Rule 5.3 (Dkt. 369).

Two non-parties, Gwen Thrower and Malou Tutanes-Luster, filed motions for leave to file amicus briefs in response to the Court's order (Dkts. 373, 375), which were granted (Dkt. 390). The amici argue that the Court should overrule Quicken's blanket objections to unsealing the documents (Dkts. 391, 392). Thrower also requests that, should the Court permit redacted documents to be filed under seal, the Government's proposed process should be modified to permit Thrower's counsel to review the sealed documents "to help check that all appropriate documents are being unsealed." Thrower Amicus Brief at 10.

Having considered the parties' briefing on the matter, the Court overrules Quicken's blanket objections to unsealing the documents. Quicken is mistaken that the Court lacks jurisdiction to unseal the subject documents. A federal district court, pursuant to its supervisory power over its own records and files, has jurisdiction to issue an order unsealing summary judgment documents that were previously temporarily sealed, even where the unsealing order follows the parties' stipulation of dismissal pursuant to a settlement. See Gambale v. Deutsche Bank AG, 377 F.3d 133, 141 (2d Cir. 2004).

Quicken is also mistaken that it has provided the Court with sufficient information such that the Court could determine the appropriateness of keeping the subject documents under seal at

this juncture.  A district court that chooses to seal court records must set forth specific findings and conclusions that justify nondisclosure to the public.  Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 306 (6th Cir. 2016).  This means that, prior to sealing court records, the district court must balance the competing private and public interests, determine that the interests in support of nondisclosure are compelling and the interests supporting access are less so, and determine that the seal itself is no broader than necessary.  Id.

Quicken is correct in arguing that courts have found no, or at least little, public interest in the public's access to sealed documents that a court never relied on in reaching any decision.  In re Davol, Inc./C.R. Bard., Inc., Polypropylene Hernia Mesha Prods. Liability Litig., Case No. 2:18-md-2846, Case No. 2:18-cv-1509, 2021 WL 81821, at *9 (S.D. Ohio Jan. 11, 2021) (finding that the public had no interest in the content of exhibits that the court did not rely on in ruling on a motion in limine); Elliott v. Genovese, No. 3:17-cv-00250, 2019 WL 144185, at *4 (M.D. Tenn. Jan. 9, 2019) (finding no public interest in an exhibit attached to Rule 60 motion because the court did not rely on information contained in this exhibit in deciding the motion); see also Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1181 (6th Cir. 1983) ("The public has an interest in ascertaining what evidence and records the District Court . . . ha[s] relied upon in reaching [its] decisions.").  Quicken has also identified private interests that would at least arguably justify nondisclosure to the public.  See Quicken Objs. at 14–20 (arguing that the subject documents contain confidential information of third parties and Quicken's confidential business information); Shane, 825 F.3d at 308 (stating that "trade secrets" and private information about "innocent third parties" can justify nondisclosure to the public).

3

However, Quicken has not shown that a court can ignore the mandate in Shane to conduct a document-by-document review and balance these interests. Even when sealing issues have been addressed regarding documents not relied on by a court in making its decision, a document-specific review has been ordered to determine whether a less restrictive approach, such as redaction, would be possible. IDT Corp. v. eBay, 709 F.3d 1220, 1224 (8th Cir. 2013) (vacating a district court's order denying a motion to unseal a document where the record did not provide sufficient information to determine that the private interests could only be protected by keeping the entire document under seal rather than redacting certain portions).

Because a seal should not be broader than necessary, the Court must perform the granular exercise of balancing interests required by Shane. The parties seeking sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Shane, 825 F.3d at 305–306 (punctuation modified).

To accomplish this, the Court grants the parties—i.e., the United States and Quicken—leave to file motions regarding documents that they believe should be maintained under seal or refiled with redactions within 60 days of the date of this opinion and order. The parties should meet and confer regarding the documents or excerpts that they believed should remain under seal or redacted. If an agreement regarding the documents is reached, the parties should file a joint motion. If not, the parties should file separate motions. Any motion filed should cite to the specific docket numbers and PageIDs of the material that the parties believe should remain completely under seal or redacted. As to documents that the parties believe should be redacted, the parties should submit the proposed redacted version of these documents via the utilities function. The parties need not submit any document that they believe should remain completely under seal. The

parties are free to propose an alternative method within 14 days of the date of this opinion and order if they believe that there is a more efficient way to present items for the Court's review.

The amici and their counsel are not entitled to participate in the process of reviewing documents. Allowing outside parties to see material that may ultimately remain under seal would circumvent the purpose of keeping this material out of the public's view. Further, amici's counsel's review of the sealed documents is not necessary to ensure that all appropriate documents are unsealed. The Court will perform this oversight function. Nonetheless, each amicus may file a memorandum, not exceeding ten pages, to express any views, not later than 14 days following the completion of the parties' briefing.

SO ORDERED.

Dated: June 23, 2021  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge