UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Civil Action No.<br>2:16-cv-14050 (MAG) (RSW)<br><br>District Judge:<br>Hon. Mark A. Goldsmith<br><br>Magistrate Judge:<br>Hon. R. Steven Whalen |

**QUICKEN LOANS, LLC'S UNOPPOSED MOTION PROPOSING
AN ALTERNATIVE METHOD TO PRESENT ITEMS
TO REMAIN UNDER SEAL FOR THE COURT'S REVIEW**

Pursuant to the June 23, 2021 Order Setting Procedure for Parties to Follow to Move to Maintain Documents Under Seal or Redacted (ECF No. 396) ("Order"), Quicken Loans, LLC ("Quicken Loans") respectfully submits this unopposed motion proposing an alternative method to present items for the Court's review. Quicken Loans requests that the Court modify its Order in two minor ways to allow for the parties and the Court to more efficiently resolve the matter of records that are to remain under seal.

First, due to previously scheduled summer vacation plans of Quicken Loans team members and its counsel most familiar with the records at issue, Quicken Loans seeks an extension of 30 days for the period during which the parties may

file motions regarding documents that they believe should be maintained under seal or refiled with redactions, which extension would provide the parties with a total of 90 days from the date of the Court's Order to file motions to seal.

Second, Quicken Loans requests that for any records that the Court orders unsealed against the request of either party, the Court stay the effectiveness of such order for fourteen (14) days so that the parties may have sufficient time to evaluate their appellate rights and pursue an appeal, if necessary.

As set forth below, good cause exists under present circumstances to grant the requested brief extension and stay period:

1. The undersigned counsel certifies that, in advance of filing this motion, counsel for Quicken Loans conferred with counsel for the Plaintiff the United States of America ("United States" or "Government"), explaining the nature of Quicken Loans' requests for an extension and stay period, and seeking concurrence in the relief. The Government takes no position as to Quicken Loans' requests, so the requests are unopposed.

2. Quicken Loans requires additional time to prepare its motion to seal, including by conferring with the Government as to the extent to which the parties are in agreement as to what documents should be sealed, as a result of certain of its team members' and its counsel's pre-planned vacations scheduled during the months of July and August.

3. Quicken Loans believes that a brief, 30-day extension will allow it sufficient time to finalize its motion to seal, including by exchanging its proposed redactions with the Government and analyzing the Government's proposed redactions.

4. Quicken Loans also requests a brief stay of the effectiveness of the Court's forthcoming order on the parties' motions to seal for fourteen (14) days after the date of such order so that the parties may have sufficient time to appeal, if necessary, any part of the order that requires unsealing records against the request of either party.

5. A brief, 14-day extension stay of the effectiveness of the Court's forthcoming order on the parties' motions to seal will allow the parties sufficient time to, if necessary, analyze the Court's order, prepare their notices of appeal, and seek a stay of the Court's order pending the outcome of their appeals. A brief stay is warranted because of the privacy interests implicated by the records, which include Quicken Loans' trade secret and confidential business information.

WHEREFORE, based on the foregoing, Quicken Loans respectfully submits that good cause exists and requests (a) an extension of 30 days for the period during which the parties may file motions to seal; and (b) a stay of the effectiveness of the Court's forthcoming order on the parties' motions to seal for fourteen (14) days after the date of such order.

Dated: July 7, 2021

Thomas M. Hefferon
Sabrina M. Rose-Smith
W. Kyle Tayman
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: 202.346.4000
THefferon@goodwinlaw.com
SRoseSmith@goodwinlaw.com
KTayman@goodwinlaw.com

Respectfully submitted,

/s/ Jeffrey B. Morganroth
Jeffrey B. Morganroth (P41670)
MORGANROTH &
MORGANROTH, PLLC
344 North Old Woodward Ave., Ste. 200
Birmingham, MI 48009
Tel.: 248.864.4000
JMorganroth@morganrothlaw.com

4

## **LOCAL RULE CERTIFICATION**

I certify that Quicken Loans' Motion complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

/s/ Jeffrey B. Morganroth
Jeffrey B. Morganroth

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2021, a copy of the foregoing was filed through the CM/ECF system, and a notification will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jeffrey B. Morganroth
Jeffrey B. Morganroth
