UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

QUICKEN LOANS INC.,

    Defendant.
_____/

Case No. 16-14050
Hon. Mark A. Goldsmith

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART JOINT MOTION TO APPROVE
AGREEMENT (Dkt. 399)**

This matter comes before the Court after dismissal of the action because documents filed under seal have become a subject of interest to certain non-parties. The relevant background is as follows.

Plaintiff the United States of America and Defendant Quicken Loans Inc. filed cross motions for summary judgment (Dkts. 175–177). The briefing and exhibits filed in connection with the motions were placed provisionally under seal. See Dkts. 176–186, 188–288, 292–347, and 350–355. The parties stipulated that the provisional seal would expire on June 18, 2019 (Dkt. 362). Before the Court made any decision as to the motions for summary judgment, the parties reached a settlement, and the Court dismissed the case with prejudice (Dkt. 363).

A year after the seal expiration date, two non-parties, amici Gwen Thrower and Malou Tutanes-Luster, sought access to the sealed documents. The Court notified the parties that it was considering unsealing the documents (Dkt. 364). The Government, Quicken, and amici filed briefs regarding their respective positions on the unsealing issue (Dkts. 369, 370, 391, 392). The Court

1

issued an opinion setting forth a procedure to determine which of the sealed documents should be unsealed (Dkt. 396). Specifically, the Court ordered the parties to perform a document-by-document review of the sealed documents and file motions regarding which of these documents should be sealed or redacted.

Quicken and amici have now (i) reached an agreement about the unsealing issue and (ii) filed a joint motion requesting approval of their agreement in fulfillment of the Court's opinion addressing the unsealing issue (Dkt. 399). Quicken and amici represent that they have reached an agreement to provide amici with attorneys' eyes only access to a subset of the sealed documents. Id. at 2. The Government takes no position with respect to the agreement. Id. at 6. The Court held a status conference to discuss this motion, at which Quicken and amici reported that there is no written document memorializing their agreement.

The Court declines to approve an agreement that has not been memorialized in a signed, written document. However, for the reasons explained below, the Court agrees that Quicken's agreement to share certain sealed documents with amici on an attorneys' eyes only basis is an acceptable resolution of the unsealing issue raised by amici at this juncture.

As the Court explained in its prior opinion, a district court must conduct a document-by-document review to determine whether, on balance, the competing private and public interests support sealing. Op. at 3 (Dkt. 396) (citing Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 306 (6th Cir. 2016)). At the same time, the Court observed that the public has little to no interest in accessing documents that the district court did not rely upon in reaching its decisions. Id.

Because non-parties were demanding access to sealed documents, the Court's order sought to create a process to address that request. However, that request has now been resolved amicably,

such that there is no present need to engage in the granular review discussed in Shane. To engage in that process now, with the burden and expense that the Court and parties would have to bear, would not serve the public interest, especially in light of the fact that the materials at issue played no role in any court ruling. Should a member of the public raise the sealing issue in the future, the Court will address the issue at that time. Nothing that the Court has stated here will prejudice any rights of the public that may be later asserted.

For the foregoing reasons, the Court grants in part and denies in part the joint motion (Dkt. 399). Specifically, the Court denies the motion as to the request to approve Quicken and amici's agreement. But it grants the motion insofar as the motion seeks a ruling that the parties have fulfilled their obligations under the Court's prior opinion (Dkt. 396). Further, Quicken and its counsel must keep a record as to the documents that were shared with amici on an attorneys' eyes only basis.

SO ORDERED.

Dated: November 10, 2021         s/Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                United States District Judge